1  Kevin D. Reese (State Bar No. 172992)
   Marina I. Garcia (State Bar No. 320507)
2  JACKSON LEWIS P.C.
   50 California Street, 9th Floor
3  San Francisco, California 94111-4615
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401
   E-mail:  Kevin.Reese@jacksonlewis.com
5  E-mail:  Marina.Garcia@jacksonlewis.com

6  Attorneys for Defendants
   BRINKER INTERNATIONAL, INC.,
7  BRINKER INTERNATIONAL PAYROLL
   COMPANY, L.P., and BRINKER
8  RESTAURANT CORPORATION

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12
   AMANDA HALE, on behalf of herself and all       Case No.
13 others similarly situated, and the general
   public,                                          **NOTICE OF REMOVAL OF ACTION
14                                                  TO THE UNITED STATES DISTRICT
              Plaintiff,                            COURT FOR THE NORTHERN
15                                                  DISTRICT OF CALIFORNIA
           v.                                       PURSUANT TO 28 U.S.C. §§ 1332(d),
16                                                  and 1441(b)**
   BRINKER INTERNATIONAL, INC., a
17 Delaware corporation; BRINKER
   INTERNATIONAL PAYROLL COMPANY,
18 L.P., a Delaware limited partnership;            Complaint Filed:    11/18/2021
   BRINKER RESTAURANT CORPORATION,                  Trial Date:         None set.
19 a Virginia corporation; and DOES 1 through
   50, inclusive,
20
              Defendants.
21

22        TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

23 THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO/OAKLAND DIVISION,

24 PLAINTIFF AMANDA HALE AND TO HER ATTORNEYS OF RECORD:

25        PLEASE TAKE NOTICE that Defendants BRINKER INTERNATIONAL, INC.,

26 BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., and BRINKER RESTAURANT

27 CORPORATION ("Defendants") hereby invoke this Court's jurisdiction under 28 U.S. §§

28

                                        1

1332(d), and remove, pursuant to 28 U.S.C. §1441, the above-entitled action to this Court from the Superior Court of the State of California for the County of Alameda.

## BACKGROUND

1.      On November 18, 2021, Plaintiff Amanda Hale ("Hale" or "Plaintiff") filed an unverified civil complaint against BRINKER INTERNATIONAL, INC., BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., and BRINKER RESTAURANT CORPORATION ( "Defendants") in the Superior Court of the State of California for the County of Alameda entitled *"Amanda Hale, on behalf of herself and all others similarly situated, and the general public v. Brinker International, Inc, a Delaware corporation; Brinker International Payroll Company, L.P., a Delaware limited partnership; Brinker Restaurant Corporation, a Virginia corporation; and Does 1 through 50, inclusive,"* No. 21CV002855. In her Complaint, Plaintiff asserts the following eight causes of action on behalf of herself and a class of individuals she seeks to represent: (1) Failure to Provide Meal Periods (Exh. A to Notice of Removal (Complaint) ("Compl."), ¶¶ 42-55); (2) Failure to Provide Rest Periods (*Id.*, ¶¶ 56-66); (3) Failure to Pay Hourly and Overtime Wages (*Id.*, ¶¶ 67-90); (4) Failure to Indemnify (*Id.*, ¶¶ 91-102); (5) Failure to Provide Accurate Written Wage Statements (*Id.*, ¶¶ 103-110); (6) Failure to Pay All Final Wages (*Id.*, ¶¶ 111-121); (7) Unfair Competition (*Id.*, ¶¶ 122-131); and (8) Civil Penalties (*Id.*, ¶¶ 132-145).

2.      A complaint was filed against all three of named Defendants in the Alameda Superior Court matter entitled *Amanda Hale v. Brinker International, Inc.*, Case No. 21CV002855. Defendant Brinker Restaurant Corporation was served with the Complaint on November 23, 2021.  The Complaint was the only pleading served on Defendant Brinker Restaurant Corporation. (Declaration of  Daniel Fuller in Support of Notice of Removal ("Fuller Decl."), ¶ 3.)  Copies of the Summons, Complaint and other related court documents are attached as **Exhibit A** to this Notice of Removal.

3.      On December 21, 2021, Defendants filed an Answer to the Complaint in the Superior Court of the State of California for the County of Alameda. A true and correct copy of the Defendants' Answer is attached as **Exhibit B** to this Notice of Removal.

4.      **Exhibits A and B** constitute all pleadings that have been filed or served in this action as of the date of the filing of this Notice of Removal.

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

5.      The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), states in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

6.      In addition, CAFA confers federal court jurisdiction only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities.  28 U.S.C. § 1332(d)(5).

7.      As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil action filed as a class action involving more than 100 members, the matter in controversy – based on the allegations in the Complaint – exceeds the sum of $5,000,000, exclusive of interest and costs, and Plaintiff is a citizen of a state different from one of the Defendants. *See* 28 U.S.C. §§ 1332(d) and 1453.  Furthermore, none of the Defendants are a State, State official, or other governmental entity.

## Plaintiff and Defendants Are Citizens of Different States

8.      CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant; when at least one member of a class is a citizen of a foreign state and one defendant is a U.S. citizen; or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state.  28 U.S.C. § 1332(d)(2).

9.      A natural person's citizenship is determined by her state of "domicile."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is [her] permanent home, where [she] resides with the intention to remain or to which [she] intends to return."  *Id.* (citation omitted).

10.     A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c); *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010).  With respect to ascertaining a corporation's principal place of business, the United

1    States Supreme Court has adopted the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-

2    81 (2010).  Under the nerve center test, a corporation's principal place of business is where a

3    corporation's high-level officers direct, control and coordinate the corporation's activities.  *Id*.  A

4    corporation can only have one "nerve center."  *Id.* at 93-94.  In evaluating where a corporation's

5    "nerve center" is located, courts will look to the center of overall direction, control, and

6    coordination of the company and will no longer weigh corporate functions, assets, or revenues in

7    each state.  *Id*.

8          11.    Diversity of citizenship is determined "as of the time the complaint is filed and

9    removal is effected."  *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th

10   Cir. 2002) (citations omitted).

11         12.    Here, Plaintiff alleges that she "is an individual residing in the State of California,"

12   and, therefore, is a citizen of California. (Compl., ¶ 4.)

13         13.    Defendant Brinker International Payroll Company, L.P., ("BIPC") is the sole

14   employer of those individuals who work at corporate-owned Chili's Grill & Bar restaurants in

15   California.  Defendant BIPC was, at the time of filing of the Complaint, and still is, a limited

16   partnership formed under the laws of the State of Delaware, and is comprised of two partners:

17   BIPC Management, LLC ("BIPC Management"), its sole general partner, and BIPC Investments,

18   LLC ("BIPC Investments"), its sole limited partner.  BIPC Management is a Delaware limited

19   liability company with its principal place of business in Dallas, Texas, and BIPC Investments is a

20   Delaware limited liability company with its principal place of business in Dallas, Texas.   Both

21   BIPC Management and BIPC Investments are wholly owned by Brinker Restaurant Corporation

22   ("BRC"), which is the sole member of each limited liability company.   These entities are

23   subsidiaries of Brinker Restaurant Corporation, which is a subsidiary of Brinker International.

24   (Fuller Decl., ¶ 4.)  As such, BIPC is a citizen of Delaware because it is incorporated in that state.

25   (*Id*.)  At all relevant times, BIPC's principal place of business has been in Dallas, Texas because

26   its executive and administrative offices are located there, and the majority of executive and

27   administrative functions are directed, controlled, and coordinated from there. (*Id*.)

28

Notice of Removal of Action to the United States District Court
For the Northern District of California                    Case No. _____

14.     Based on the above, the minimal diversity requirement of CAFA removal is satisfied since Plaintiff is a citizen California, whereas at least one Defendant is a citizen of a different state.

### The Putative Class Consists of More Than 100 Members

15.     Plaintiff brings this action on behalf of herself and all current and former hourly-paid or non-exempt employees (whether hired directly or through a staffing agency) of Defendants within the State of California at any time during "the time period beginning four years prior to the filing of this action until judgment is entered."  (Compl., ¶¶ 1, 11.)

16.     Based on a review of Defendants' records, Defendant BIPC employed approximately 17,138 hourly-paid, non-exempt employees in California during the three-year time period between November 18, 2018 to November 18, 2021.  (Declaration on Carol Cox in Support of Notice of Removal ("Cox Decl."), ¶ 4.)

17.     Therefore, Plaintiff's claims satisfy CAFA's numerosity requirement.

### The Purported Amount in Controversy Exceeds $5,000,000

18.     CAFA authorizes the removal of class actions in which the amount in controversy exceeds $5,000,000.  28 U.S.C. §1332(d).

19.     In *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014), the United States Supreme Court held that where the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554 (emphasis added); *see Mackall v. HealthSource Global Staffing, Inc.*, 2016 U.S. Dist. LEXIS 11929, at *8 (N.D. Cal. Sept. 2, 2016) ("[T]he burden to establish the amount in controversy by a preponderance of the evidence does not require the defendant to 'research, state, and prove the plaintiff's claim for damages.'").   Further, "'[n]o "antiremoval presumption attends cases invoking CAFA' because 'Congress enacted CAFA] to facilitate adjudication of certain class actions in federal court.'" *Adams v. Toys' R' US – Delaware, Inc.*, 2015 U.S. Dist. LEXIS 11338, at *5-6 (N.D. Cal. Jan. 29, 2015) *quoting Dart*, 135 S. Ct. at 554. To the contrary, courts are required to interpret CAFA's provisions broadly in favor of

1    removal. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183-84 (9th Cir. 2015).

2         20.    As outlined below, the Complaint places an amount in controversy exceeding

3    $5,000,000.[1]  The amount in controversy exceeds $5,000,000 based on the First Cause of Action

4    for alleged failure to provide meal periods, the Third Cause of Action for alleged failure to pay

5    hourly and overtime wages, and the Sixth Cause of Action for failure to pay all final wages.

6         21.    The below estimates of the amount in controversy reach the jurisdictional threshold

7    under CAFA without including the amounts in controversy alleged under Plaintiff's other five

8    causes of action for alleged failure to pay minimum wages, failure to pay rest period premiums,

9    failure to issue accurate wage statements, failure to reimburse business expenses, and violation of

10   California Business & Professions Code § 17200, *et seq.*, and without considering Plaintiff's

11   request for attorneys' fees.  This further establishes that this Court has jurisdiction over this

12   putative class action under CAFA.

13        a.     Under the <u>Sixth Cause of Action for failure to pay all final wages</u>, Plaintiff

14   seeks on behalf of herself and "all hourly employee class members who separated from the

15   employment with Defendants during the period beginning three years before the fling o this action

16   and ending when final judgment in entered," waiting time penalties from the respective dates that

17   their final wages had first become due until paid, up to a maximum of thirty days, and interest

18   thereon. (Compl., ¶¶ 11, 120.)

19        b.     Plaintiff alleges that Defendants intentionally and willfully failed to pay

20   Plaintiff and the other class members who are on longer employed by Defendants, their final

21   wages, earned and unpaid, within seventy-two (72) hours' of giving notice of resignation pursuant

22   to California Labor Code sections 202, 203. (*Id.*, ¶¶ 114. 115, 116.) She further alleges Defendants

23   have maintained a policy or practice of paying [members who separated from their employment

24   with the Defendants during the period beginning three years before the filing of this action and

---

25   [1] Defendants deny each and every allegation set forth by Plaintiff in the Complaint and deny that
26   Plaintiff or the putative class members are entitled to any compensatory or statutory damages,
     injunctive relief, restitution, civil penalties, attorneys' fees, or any other form of relief.  Defendants
27   also deny that this action can proceed as a class action.  Notwithstanding the above, removal of
     this action is proper given that removal is based on the allegations asserted in the Complaint. *See*
28   *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal.
     2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096.

Notice of Removal of Action to the United States District Court
For the Northern District of California                Case No. _____

ending when final judgment is entered] their final wages" in violation of California Labor Code sections 201 or 202. (*Id*., ¶¶ 11, 118.)

c.      Based on a review of Defendant BIPC's payroll records, at least 15,527 hourly-paid non-exempt employees who worked for Defendant BIPC in California (a) separated from their employment with Defendants during the time period of November 18, 2018 to present; and (b) were paid at least the applicable California state minimum wage, which ranged from $11 per hour to $14 per hour during that time period.  (Cox Decl., ¶¶ 4, 6.)

d.      Therefore, the amount in controversy from this claim equals at least $25,619,550.00 ([$11.00/hour x 5 hours per day x 30 days] x 15,527 putative class members). *See* Cal. Lab. Code § 203 (imposing a statutory penalty equal to employee's daily rate of pay for each day the wages are improperly withheld, up to 30 days). In addition to the waiting time penalties, plaintiff has claims for Failure to Provide Meal Periods, Failure to Provide Rest Periods and Failure to Pay all wages due which further increase the amount in controversy.

22.      The above estimate of the amount in controversy based on Plaintiff's allegations reach the jurisdictional threshold under CAFA without including the unspecified amount of attorneys' fees that Plaintiff seeks. (Compl., p. 26 [Prayer for Relief].)  In determining whether a complaint meets the amount in controversy threshold for removal under 28. U.S.C. § 1332, a court may also consider the value of claims for attorneys' fees.  *See Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount).

23.      For all these reasons, this action satisfies the amount in controversy requirement under CAFA.

**Defendants Are Not a Governmental Official or Entity**

24.      Defendants are corporations and not a state, a state official, or any other governmental entity.

**VENUE**

25.      For purposes of removal only, venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a).  Section 1441(a)

provides, in relevant part:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

26.     As indicated above, Plaintiff brought this action in Alameda County Superior Court.  The United States District Court for the Northern District of California encompasses this territory.  28 U.S.C. § 84(d).

## TIMELINESS OF REMOVAL

27.     Plaintiff served Defendant Brinker Restaurant Corporation with the Complaint on November 23, 2021.  Therefore, this Notice of Removal is timely because this Notice of Removal is filed within thirty days after Defendant Brinker Restaurant Corporation was served with papers from which it could first be ascertained that the case was removable.  28 U.S.C. § 1446(b).

## NOTICE TO PLAINTIFFS AND STATE COURT

28.     In accordance with 28 U.S.C. § 1446(d), Defendants' counsel certifies that a copy of this Notice of Removal and all supporting papers will be served on Plaintiff's counsel and filed with the Clerk of the Alameda County Superior Court.  As such, all procedural requirements under Section 1446 are satisfied.

## CONCLUSION

29.     For the reasons set forth above, Defendants maintain that this action is properly removed to this Court.


Dated:  December 23, 2021                     JACKSON LEWIS P.C.


                                    By:  _____
                                            /s/ Kevin D. Reese
                                         Kevin D. Reese
                                         Marina I. Garcia
                                         Attorneys for Defendants
                                         BRINKER INTERNATIONAL, INC.,
                                         BRINKER INTERNATIONAL PAYROLL
                                         COMPANY, L.P., and BRINKER
                                         RESTAURANT CORPORATION

4854-8826-2407, v. 1

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
**11/18/2021**
Chad Finke, Executive Officer / Clerk of the Court
By _____**Cheryl Clark**_____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BRINKER INTERNATIONAL, INC., a Delaware corporation; BRINKER INTERNATIONAL
PAYROLL COMPANY, L.P., a Delaware limited partnership; (Additional Parties Form is Attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AMANDA HALE, on behalf of herself and all others similarly situated, and the general public,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Hayward Hall of Justice 24405 Amador Street Hayward, CA 94544 | **CASE NUMBER:** *(Número del Caso):* **21CV002855** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh of Setareh Law Group 9665 Wilshire Blvd., Suite 430 Beverly Hills, CA 90212 (310)888-7771

DATE: 11/18/2021 Chad Finke, Executive Officer / Clerk of the Court Clerk, by **Cheryl Clark** , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒☒ on behalf of *(specify):* Brinker Restaurant Corporation Inc, a Delaware Corporation
   under: ☒☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hale v. Brinker International, Inc. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BRINKER RESTAURANT CORPORATION, a Virginia corporation; and DOES 1 through 50, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  David Keledjian (SBN 309135)
     david@setarehlaw.com
3  Shane R. Farley (SBN 333157)
     shane@setarehlaw.com
4  SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff  AMANDA HALE

8

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/18/2021 at 04:50:15 PM**
By: Cheryl Clark, Deputy Clerk

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     FOR THE COUNTY OF ALAMEDA

11                        UNLIMITED JURISDICTION

12

13  AMANDA HALE, on behalf of herself and all
    others similarly situated, and the general
14  public,

15              *Plaintiff,*

16      v.

17  BRINKER INTERNATIONAL, INC., a
    Delaware corporation; BRINKER
18  INTERNATIONAL PAYROLL COMPANY,
    L.P., a Delaware limited partnership;
19  BRINKER RESTAURANT CORPORATION,
    a Virginia corporation; and DOES 1 through
20  50, inclusive,

21              *Defendants.*

22

23

24

Case No.  21CV002855

**CLASS AND REPRESENTATIVE ACTION**

**COMPLAINT**

1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);
2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
4. Failure to Indemnify (Lab. Code § 2802);
5. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
7. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);
8. Civil Penalties (Lab. Code § 2698, *et seq.*)

**JURY TRIAL DEMANDED**

25

26

27

28

1    Plaintiff AMANDA HALE ("Plaintiff"), on behalf of herself and all others similarly

2    situated, and the general public, and the State of California, complains and alleges as follows:

3    **INTRODUCTION**

4    1.    Plaintiff brings this class and representative action against defendants BRINKER

5    INTERNATIONAL, INC., a Delaware corporation; BRINKER INTERNATIONAL PAYROLL

6    COMPANY, L.P., a Delaware limited partnership; BRINKER RESTAURANT CORPORATION,

7    a Virginia corporation; and DOES 1 through 50, inclusive, (collectively referred to as

8    "Defendants") for alleged violations of the Labor Code. As set forth below, Plaintiff alleges that

9    Defendants have

10    (1)    failed to provide Plaintiff and all other similarly situated individuals with meal

11             periods;

12    (2)    failed to provide them with rest periods;

13    (3)    failed to pay them premium wages for missed meal and/or rest periods;

14    (4)    failed to pay them premium wages for missed meal and/or rest periods at the regular

15             rate of pay;

16    (5)    failed to pay them at least minimum wage for all hours worked;

17    (6)    failed to pay them overtime wages at the correct rate;

18    (7)    failed to pay them double time wages at the correct rate;

19    (8)    failed to pay them overtime and/or double time wages by failing to include all

20             applicable remuneration in calculating the regular rate of pay;

21    (9)    failed to reimburse them for all necessary business expenses;

22    (10)   failed to provide them with accurate written wage statements; and

23    (11)   failed to pay them all of their final wages following separation of employment.

24    Based on these alleged violations, Plaintiff now brings this class and representative action to

25    recover unpaid wages, restitution, civil and statutory penalties, and related relief on behalf of

26    herself and all others similarly situated, all other aggrieved employees, and the State of California.

27    ///

28    ///

1    **JURISDICTION AND VENUE**

2    2.    This Court has subject matter jurisdiction to hear this case because the unpaid wages,

3    actual damages, liquidated damages, restitution, and penalties sought by Plaintiff from Defendants

4    exceeds the minimal jurisdictional limits of the Superior Court of the State of California.

5    3.    Venue is proper in the County of Alameda pursuant to Code of Civil Procedure §§

6    393(a), 395(a) and 395.5 in that liability arose there, because at least some of the transactions that are

7    the subject matter of this Complaint occurred therein and/or each defendant is found, maintains

8    offices, transacts business, and/or has an agent therein.

9    **PARTIES**

10    4.    Plaintiff is and was, and at all relevant times mentioned herein, an individual

11    residing in the State of California.

12    5.    Plaintiff is informed and believes, and thereupon alleges, that Defendant BRINKER

13    INTERNATIONAL, INC. is, and at all relevant times mentioned herein, a Delaware corporation

14    doing business in the State of California.

15    6.    Plaintiff is informed and believes, and thereupon alleges, that Defendant BRINKER

16    INTERNATIONAL PAYROLL COMPANY, L.P. is, and at all relevant times mentioned herein, a

17    Delaware limited partnership doing business in the State of California.

18    7.    Plaintiff is informed and believes, and thereupon alleges, that Defendant BRINKER

19    RESTAURANT CORPORATION  is, and at all relevant times mentioned herein, a Virginia

20    corporation doing business in the State of California.

21    8.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

22    DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

23    Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

24    when ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each of the

25    fictitiously named defendants are responsible in some manner for the occurrences, acts and

26    omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

27    defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

28    capacities of the DOE defendants when ascertained.

1    9.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

2    mentioned herein, some or all of the defendants were the representatives, agents, employees,

3    partners, directors, associates, joint venturers, joint employers, principals, or co-participants of some

4    or all of the other defendants, and, in doing the things alleged herein, were acting within the course

5    and scope of such relationship and with the full knowledge, consent, and ratification by such other

6    defendants.

7                                    **CLASS ALLEGATIONS**

8    10.    This action has been brought and may be maintained as a class action pursuant to

9    Code of Civil Procedure § 382, because there is a well-defined community of interest among the

10    persons who comprise the readily ascertainable classes defined below and because Plaintiff is

11    unaware of any difficulties likely to be encountered in managing this case as a class action.

12    11.    **Relevant Time Period**: The relevant time period is defined as the time period

13    beginning four years prior to the filing of this action until judgment is entered.

14
15    **Hourly Employee Class**:  All persons employed by Defendants and/or any staffing
      agencies and/or any other third parties in hourly or non-exempt positions in California
      during the **Relevant Time Period**.

16    **Meal Period Sub-Class**: All **Hourly Employee Class** members who worked
17    in a shift in excess of five hours during the **Relevant Time Period**.

18    **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked
      a shift of at least three and one-half (3.5) hours during the **Relevant Time
19    Period**.

20    **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class**
      members employed by Defendants in California during the period beginning
21    one year before the filing of this action and ending when final judgment is
      entered.

22    **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members
      who separated from their employment with Defendants during the period
23    beginning three years before the filing of this action and ending when final
      judgment is entered.
24
25    **UCL Class**: All **Hourly Employee Class** members employed by Defendants in
      California during the **Relevant Time Period**.

26    **Expense Reimbursement Class**: All persons employed by Defendants in California
      who incurred business expenses during the **Relevant Time Period**.

27

28    ///

**Regular Rate Class**: All of Defendants' hourly, non-exempt employees who were not paid overtime wages for all overtime hours worked and/or premiums for meal and/or rest break violations as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, shift differentials, shift premiums, and/or non-discretionary bonuses.

12.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity by further division into sub-classes and/or by limitation to particular issues.

13.    **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges, that the actual number exceeds the minimum required for numerosity under California law.

14.    **Commonality and Predominance**: Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. These common questions include, but are not limited to:

i.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

ii.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

iii.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

iv.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

v.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

vi.    Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

4

vii.     Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

viii.     Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or other applicable remuneration in calculating the rates at which those wages are paid;

ix.     Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

x.     Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

xi.     Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

xii.     Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

xiii.     Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

15.     **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes, and thereupon alleges, that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

16.     **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to or otherwise conflict with the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

17.     **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to prosecute their common claims simultaneously and efficiently in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19.    Plaintiff worked for Defendants as an hourly, non-exempt employee during the applicable statutory period.

### Late, and/or Shortened Meal Periods

20.    Plaintiff and the aggrieved employees were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

21.    Specifically, Defendants have a policy and/or practice of requiring Plaintiff and the aggrieved employees to take their meal periods after the fifth hour of work during busy shifts. Additionally, Plaintiff and the aggrieved employees routinely clocked out for their meal period, quickly ate their food, and then clocked in to continue performing their duties as their worksites were understaffed. Plaintiff and the aggrieved employees did not take their meal period until more than 6 hours into their shift to accommodate the large amount of patrons in the restaurant during busy hours. If Plaintiff knew that the shift was going to be a busy one, she would purposefully eat

1  before the shift knowing that there would be absolutely no available time during the first five hours
2  with which to clock out and eat. Additionally, the aggrieved employees were required to clock out
3  for meal periods even though they continued to perform work with the full knowledge of their
4  supervisors.

5          22.     As a result of Defendants' policy and/or practice, Plaintiff and the aggrieved
6  employees were regularly not provided with uninterrupted meal periods of at least thirty (30)
7  minutes for each five (5) hours worked due to complying with Defendants' productivity
8  requirements that required Plaintiff and the aggrieved employees to work through their meal
9  periods.

10                          **Missed Rest Breaks**

11         23.     Plaintiff and the aggrieved employees were not provided with rest periods of at least
12  ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)
13  Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically
14  understaffing each work shift with not enough workers; and (3) imposing so much work on each
15  employee such that it made it unlikely that an employee would be able to take their breaks if they
16  wanted to finish their work on time.

17         24.     Specifically, Defendants did not adequately staff their workplace so that on almost
18  all occasions the aggrieved employees could not take their rest breaks because they were required
19  to continuously work to accommodate Defendants' demands. Plaintiff and the aggrieved
20  employees were only able to take rest breaks of one (1) to five (5) minutes, and were
21  systematically denied their rest breaks. Additionally, when Plaintiff and the aggrieved employees
22  were able to take a shortened rest break, they frequently did so after the fourth hour of work
23  because they were too busy to be relieved of their duties. Plaintiff and aggrieved employees did not
24  have their rest breaks scheduled and were required to be released by a manager. Due to the amount
25  of work they had, Plaintiff and the aggrieved employees were unable to find time with which they
26  could rest, and were routinely interrupted after a few short minutes when they were able to take
27  their rest break.

28         25.     As a result of Defendants' policy and/or practice, Plaintiff and the aggrieved

7

1   employees were regularly not provided with uninterrupted rest periods of at least ten (10) minutes
2   for each four (4) hours worked due to complying with Defendants' productivity requirements that
3   required Plaintiff and the aggrieved employees to work through their rest periods in order to
4   complete their assignments on time.

5                                        **Off-the-Clock Work**

6          26.     Plaintiff and aggrieved employees would be required to perform off-the-clock work
7   on multiple occasions after they had clocked out for their shift. For example, Plaintiff and
8   aggrieved employees would be directed by a manager to clock out before they hit overtime hours
9   and then continue to close the store, clean, do their side duties, and/or serve patrons.

10         27.     Defendants knew or should have known that Plaintiff and aggrieved employees
11  were not "on the clock" after they had clocked out and therefore should not have directed Plaintiff
12  and the aggrieved employees to perform any additional work once they had clocked out.

13         28.     Plaintiff and aggrieved employees were not paid for all hours worked as they were
14  required to clock out before finishing up their closing duties.

15         29.     The time spent by Plaintiff and aggrieved employees to perform their closing duties
16  before they were permitted to leave the store could be anywhere from thirty (30) minutes to an
17  hour—time which was unpaid by Defendants.

18                                        **Regular Rate of Pay**

19         30.     The regular rate of pay under California law includes all remuneration for
20  employment paid to, on behalf of, the employee. This requirement includes, but is not limited to,
21  commissions and non-discretionary bonuses.

22         31.     At all relevant times, Defendants violated the above-referenced Labor Code sections
23  by failing to pay Sanchez and the aggrieved employees for all hours worked, including, but not
24  limited to, overtime hours and/or meal and/or rest premiums. While employed by Defendants,
25  Sanchez and the aggrieved employees received hourly wages and other remuneration, including,
26  but not limited to, gift cards for selling a certain amount of items and/or non-discretionary bonuses
27  and/or other applicable remuneration that must be included when calculated their regular rates of
28  pay for purposes of overtime, meal premiums, and/or rest premiums.

32.     However, Defendants consistently failed to include all applicable forms of remuneration when calculating their regular rates of pay. As a result, any overtime wages, meal premiums, and/or rest premiums paid to Plaintiff and the aggrieved employees were not paid at the regular rate of pay.

33.     During the applicable limitations period, Defendants violated the rights of Plaintiff and the aggrieved employees under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses and/or holiday premium pay.

### Expense Reimbursement

34.     At all relevant times during the applicable limitations period, Defendants required Booth and the aggrieved employees to incur expenses which Defendants failed and/or refused to reimburse them for including, but not limited to, requiring Plaintiff and the aggrieved employees to purchase their black polo shirt from Defendants and purchase a phone application used to check their schedules. Additionally, Plaintiff and the aggrieved employees were required to transport goods on occasion in their personal vehicles without reimbursement.

35.     Defendants failed to reimburse Plaintiff and the aggrieved employees for such necessary business expenses incurred by them.

### Wage Statements

36.     Plaintiff and the aggrieved employees were not provided with accurate wage statements as mandated by law pursuant to Labor Code § 226.

37.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work, were not included.

38.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work, were not included.

1    39.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages
2  earned" were not accurately reflected in that all hours worked, including overtime and "off-the-
3  clock" work, were not included.

4    40.    Defendants failed to comply with Labor Code section 226(a)(8) as "the name and
5  address of the legal entity that is the employer" were not accurately reflected.

6    41.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable
7  hourly rates in effect during the pay period and the corresponding number of hours worked at each
8  hourly rate by the employee" were not accurately reflected in that all hours worked, including
9  overtime and "off-the-clock" work, were not included.

10                          **FIRST CAUSE OF ACTION**

11                     **FAILURE TO PROVIDE MEAL PERIODS**

12                   **(Lab. Code §§ 204, 223, 226.7, 512 and 1198)**

13                     **(Plaintiff and Meal Period Sub-Class)**

14    42.    Plaintiff incorporates by reference the preceding paragraphs as if fully alleged
15  herein.

16    43.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been
17  non-exempt employees of Defendants entitled to the full meal period protections of both the Labor
18  Code and the applicable Industrial Welfare Commission Wage Order ("Wage Order").

19    44.    Labor Code § 512 and § 11 of the applicable Wage Order impose an affirmative
20  obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal
21  periods of at least thirty minutes for each work period of five hours, and to provide them with two
22  uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

23    45.    Labor Code § 226.7 and § 11 of the applicable Wage Order both prohibit employers
24  from requiring employees to work during required meal periods and require employers to pay non-
25  exempt employees an hour of premium wages on each workday that the employee is not provided
26  with the required meal period.

27    46.    Compensation for missed meal periods constitutes wages within the meaning of
28  Labor Code § 200.

                                          10

47.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

48.     Section 11 of the applicable Wage Order states:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

49.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

50.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the applicable Wage Order.

51.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

52.     Moreover, Defendants' written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that employees are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

53.     At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

54.     Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of herself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

11

1  costs of suit.

2      55.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial

3  benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the **Meal**

4  **Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

5                          **SECOND CAUSE OF ACTION**

6                      **FAILURE TO PROVIDE REST PERIODS**

7                      **(Lab. Code §§ 204, 223, 226.7 and 1198)**

8                      **(Plaintiff and Rest Period Sub-Class)**

9      56.     Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

10     57.     At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

11  non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

12  Code and the applicable Wage Order.

13     58.     Section 12 of the applicable Wage Order imposes an affirmative obligation on

14  employers to permit and authorize employees to take required rest periods at a rate of no less than

15  ten minutes of net rest time for each four-hour work period, or major fraction thereof, that must be

16  in the middle of each work period insofar as practicable.

17     59.     Labor Code § 226.7 and § 12 of the applicable Wage Order both prohibit employers

18  from requiring employees to work during required rest periods and require employers to pay non-

19  exempt employees an hour of premium wages at the employees' regular rates of pay, on each

20  workday that the employee is not provided with the required rest period(s).

21     60.     Compensation for missed rest periods constitutes wages within the meaning of Labor

22  Code § 200.

23     61.     Labor Code § 1198 makes it unlawful to employ a person under conditions that

24  violate the Wage Order.

25     62.     Plaintiff alleges that, at all relevant times during the applicable limitations period,

26  Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

27  with net rest period of at least ten minutes for each four-hour work period, or major fraction thereof,

28  as required by the applicable Wage Order.

1   63.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

2   **Class** members additional premium wages when required rest periods were not provided.

3   64.     Specifically, Defendants written policies do not provide that employees may take a

4   rest period for each four hours worked, or major fraction thereof, nor that rest periods should be

5   taken in the middle of each work period insofar as practicable.

6   65.     Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of herself and

7   **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and

8   costs of suit.

9   66.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial

10  benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest Period**

11  **Sub-Class** members, seeks to recover reasonable attorneys' fees.

12  ### THIRD CAUSE OF ACTION

13  ### FAILURE TO PAY HOURLY AND OVERTIME WAGES

14  ### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

15  ### (Plaintiff and Hourly Employee Class)

16  67.     Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

17  68.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

18  been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

19  applicable Wage Order.

20  69.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during

21  which an employee is subject to the control of the employer, and includes all the time the employee

22  is suffered or permitted to work, whether or not required to do so."

23  70.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt

24  employees at least the minimum wage set forth therein for all hours worked, which consists of all

25  hours that an employer has actual or constructive knowledge that employees are working.

26  71.     Labor Code § 1194 invalidates any agreement between an employer and an

27  employee to work for less than the minimum or overtime wage required under the applicable Wage

28  Order.

13

1    72.    Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages

2    in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the

3    underlying unpaid minimum wages and interest thereon.

4    73.    Labor Code § 1197 makes it unlawful for an employer to pay an employee less than

5    the minimum wage required under the applicable Wage Order for all hours worked during a payroll

6    period.

7    74.    Labor Code § 1197.1 provides that it is unlawful for any employer or any other

8    person acting either individually or as an officer, agent, or employee of another person to pay an

9    employee, or cause an employee to be paid, less than the applicable minimum wage.

10   75.    Labor Code § 1198 makes it unlawful for employers to employ employees under

11   conditions that violate the applicable Wage Order.

12   76.    Labor Code § 204 requires employers to pay non-exempt employees their earned

13   wages for the normal work period at least twice during each calendar month on days the employer

14   designates in advance and to pay non-exempt employees their earned wages for labor performed in

15   excess of the normal work period by no later than the next regular payday.

16   77.    Labor Code § 223 makes it unlawful for employers to pay their employees lower

17   wages than required by contract or statute while purporting to pay them legal wages.

18   78.    Labor Code § 510 and § 3 of the applicable Wage Order require employers to pay

19   non-exempt employees overtime wages of no less than one and one-half times the employees'

20   respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

21   hours worked in excess of forty hours in one workweek, and for the first eight hours worked on the

22   seventh consecutive day of one workweek.

23   79.    Labor Code § 510 and § 3 of the applicable Wage Order also require employers to

24   pay non-exempt employees overtime wages of no less than two times the employees' respective

25   regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

26   worked in excess of eight hours on a seventh consecutive workday during the workweek.

27   80.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

28   centrally devised policies and practices to her and **Hourly Employee Class** members with respect

1  to working conditions and compensation arrangements.

2     81.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

3  **Employee Class** members for all time worked, including but not limited to, overtime hours at

4  statutory and/or agreed rates.

5     82.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

6  **Employee Class** members all earned wages every pay period at the correct rates, including

7  overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and

8  **Hourly Employee Class** members to perform off-the-clock work.

9     83.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

10  members have suffered damages in an amount subject to proof, to the extent they were not paid the

11  full amount of wages earned during each pay period during the applicable limitations period,

12  including overtime wages.

13     84.    Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

14  behalf of herself and **Hourly Employee Class** members, seeks to recover unpaid straight time and

15  overtime wages, interest thereon, and costs of suit.

16     85.    The regular rate of pay under California law includes all remuneration for

17  employment paid, on behalf of the employer, to the employee. This requirement includes but is not

18  limited to, commissions, and/or non-discretionary bonuses, and/or gift cards and/or cash payments

19  based on sales numbers, etc.

20     86.    During the applicable limitations period, Defendants violated the rights of Plaintiff

21  and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing

22  to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194

23  and 1198 by not correctly calculating their regular rate of pay to include all applicable

24  remuneration, including but not limited to, commissions, and/or non-discretionary bonuses, and/or

25  gift cards and/or cash payments based on sales numbers, etc.

26     87.    California law uses the terms "compensation" and "pay" interchangeably and

27  requires that all applicable remuneration, including but not limited to, commissions, and/or non-

28  discretionary bonuses, and/or gift cards and/or cash payments based on sales numbers, etc., be

1  included when calculating an employee's regular rate of pay.

2        88.    At all relevant times, Defendants paid Plaintiff premium wages based on a rate of

3  compensation that did not reflect, among other things, commissions, and/or non-discretionary

4  bonuses, and/or gift cards and/or cash payments based on sales numbers, etc. as required by Labor

5  Code § 226.7(b) and §§ 11 and 12 of the applicable Wage Order on the occasions when Defendants

6  paid her premium wages in lieu of meal and/or rest periods.

7        89.    Plaintiff is informed and believes, and thereupon alleges, that, at all relevant times

8  during the applicable limitations period, Defendants maintained a policy or practice of paying

9  **Hourly Employee Class** members premium wages based on rates of compensation that have not

10  reflected commissions, and/or non-discretionary bonuses, and/or gift cards and/or cash payments

11  based on sales numbers, etc. as required by Labor Code § 226.7(b) and §§ 11 and 12 of the

12  applicable Wage Order on the occasions when Defendants paid them premium wages in lieu of

13  meal and/or rest periods.

14       90.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial

15  benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Hourly**

16  **Employee Class** members, seeks to recover reasonable attorneys' fees.

17  **FOURTH CAUSE OF ACTION**

18  **FAILURE TO INDEMNIFY**

19  **(Lab. Code § 2802)**

20  **(Plaintiff and Expense Reimbursement Class)**

21       91.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

22       92.    Labor Code section 2802(a) states:

23      An employer shall indemnify his or her employee for all necessary expenditures or
   losses incurred by the employee in direct consequence of the discharge of his or her
24      duties, or of his or her obedience to the directions of the employer, even though
   unlawful, unless the employee, at the time of obeying the directions, believed them to
25      be unlawful.

26       93.    At all relevant times during the applicable limitations period, Plaintiff and the

27  **Expense Reimbursement Class** members incurred necessary business-related expenses and costs,

28  including but not limited to, requiring Plaintiff and the aggrieved employees to purchase their black

16

1  polo shirt from Defendants and purchase a phone application used to check their schedules.

2  Additionally, Plaintiff and the aggrieved employees were required to transport goods on occasion in

3  their personal vehicles without reimbursement.

4    94.    Plaintiff is informed and believes and thereupon alleges that the reimbursement paid

5  by Defendants was insufficient to indemnify Plaintiff for all necessary expenses incurred in the

6  discharge of their duties.

7    95.    Plaintiff is informed and believes and thereupon alleges that the reimbursement paid

8  by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all

9  necessary business expenses incurred in the discharge of their duties.

10    96.    Pursuant to Labor Code § 452, an employer is authorized to prescribe the weight,

11  color, quality, texture, style, form, and make of uniforms required to be worn by their employees.

12    97.    Section 9 of the applicable Wage Order states:

13    When uniforms are required by the employer to be worn by the employee as a
14    condition of employment, such uniforms shall be provided and maintained by the
    employer. The term 'uniform' includes wearing apparel and accessories of distinctive
    design or color.

15    98.    At all relevant times during the applicable limitations period, Defendants required

16  Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused

17  by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiff and **Expense**

18  **Reimbursement Class** members for all such expenditures.

19    99.    At all relevant times during the applicable limitations period, Defendants required

20  Plaintiff and **Expense Reimbursement Class** members to purchase and maintain uniforms and

21  apparel unique to Defendants at Plaintiff's and **Expense Reimbursement Class** members' expense.

22  Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all such

23  expenditures.

24    100.    Plaintiff is informed and believes that, during the applicable limitations period,

25  Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense**

26  **Reimbursement Class** members for all necessary business expenses.

27    101.    Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to

28

17

1  restitution for all unpaid amounts due and owing within four years of the date of the filing of the

2  original Complaint and until the date of entry of judgment.

3        102.   Plaintiff, on behalf of herself, and **Expense Reimbursement Class** members, seeks

4  interest thereon and costs pursuant to Labor Code § 218.6 and reasonable attorneys' fees pursuant to

5  Code of Civil Procedure § 1021.5.

6                            **FIFTH CAUSE OF ACTION**

7      **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

8                               **(Lab. Code § 226)**

9             **(Plaintiff and Wage Statement Penalties Sub-Class)**

10       103.   Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

11       104.   Labor Code § 226(a) states:

12       An employer, semimonthly or at the time of each payment of wages, shall furnish to
         his or her employee, either as a detachable part of the check, draft, or voucher paying
13       the employee's wages, or separately if wages are paid by personal check or cash, an
         accurate itemized statement in writing showing (1) gross wages earned, (2) total hours
14       worked by the employee, except as provided in subdivision (j), (3) the number of
         piece-rate units earned and any applicable piece rate if the employee is paid on a piece-
15       rate basis, (4) all deductions, provided that all deductions made on written orders of
         the employee may be aggregated and shown as one item, (5) net wages earned, (6) the
16       inclusive dates of the period for which the employee is paid, (7) the name of the
         employee and only the last four digits of his or her social security number or an
17       employee identification number other than a social security number, (8) the name and
         address of the legal entity that is the employer and, if the employer is a farm labor
18       contractor, as defined in subdivision (b) of Section 1682, the name and address of the
         legal entity that secured the services of the employer, and (9) all applicable hourly
19       rates in effect during the pay period and the corresponding number of hours worked
         at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a
20       temporary services employer as defined in Section 201.3, the rate of pay and the total
         hours worked for each temporary services assignment. The deductions made from
21       payment of wages shall be recorded in ink or other indelible form, properly dated,
         showing the month, day, and year, and a copy of the statement and the record of the
22       deductions shall be kept on file by the employer for at least three years at the place of
         employment or at a central location within the State of California. For purposes of
23       this subdivision, 'copy' includes a duplicate of the itemized statement provided to an
         employee or a computer-generated record that accurately shows all of the information
24       required by this subdivision.

25       105.   The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize

26  the "detachable part of the check" provision and the "accurate itemized statement in writing"

27  provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each

28  employee retains the right to elect to receive a written paper stub or record and that those who are

                                    18

1   provided with electronic wage statements retain the ability to easily access the information and
2   convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion
3   Letter July 6, 2006.)

4       106.   Plaintiff is informed and believes that, at all relevant times during the applicable
5   limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**
6   members with written wage statements as described above.

7       107.   Plaintiff is informed and believes that Defendants' failure to provide her and **Wage**
8   **Statement Penalties Sub-Class** members with accurate written wage statements were intentional in
9   that Defendants had the ability to provide them with accurate wage statements but had intentionally
10  provided them with written wage statements that Defendants knew do not comply with Labor Code
11  § 226(a).

12      108.   Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries,
13  in that Defendants have violated Plaintiff's and **Wage Statement Penalties Sub-Class** members'
14  legal rights to receive accurate wage statements and have misled them about their actual rates of pay
15  and wages earned. In addition, inaccurate information on their wage statements have prevented
16  immediate challenges to Defendants' unlawful pay practices, has required discovery and
17  mathematical computations to determine the amount of wages owed, has caused difficulty and
18  expense in attempting to reconstruct time and pay records, and/or has led to the submission of
19  inaccurate information about wages and deductions to federal and state government agencies.

20      109.   Pursuant to Labor Code § 226(e), Plaintiff, on behalf of herself and **Wage Statement**
21  **Penalties Sub-Class** members, seeks the greater of actual damages or fifty dollars ($50.00) for the
22  initial pay period in which a violation of Labor Code section 226(a) occurred and one hundred
23  dollars ($100.00) for each subsequent pay period in which a violation of Labor Code § 226(a)
24  occurred, not to exceed an aggregate penalty of four thousand dollars ($4,000.00) per class member.

25      110.   Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or
26  the common fund doctrine, Plaintiff, on behalf of herself and **Wage Statement Penalties Sub-**
27  **Class** members, seek awards of reasonable attorneys' fees and costs.

28  ///

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201–203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

111.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

112.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

113.    At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

114.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages at the time of resignation.

115.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours' of giving notice of resignation.

116.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

117.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

118.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code §§ 201 or 202 by failing to timely pay them all final wages.

119.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201

20

1  and/or 202 but have intentionally adopted policies or practices that are incompatible with those
2  requirements.

3      120.    Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of herself and **Waiting**
4  **Time Penalties Sub-Class** members, seeks waiting time penalties from the respective dates that
5  their final wages had first become until paid, up to a maximum of thirty days, and interest
6  thereon.

7      121.    Pursuant to Labor Code § 226, Code of Civil Procedure § 1021.5, the substantial
8  benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time**
9  **Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

10                          **SEVENTH CAUSE OF ACTION**

11                          **UNFAIR COMPETITION**

12                      **(Bus. & Prof. Code §§ 17200 *et seq.*)**

13                          **(Plaintiff and UCL Class)**

14      122.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

15      123.    Business and Professions Code § 17200 defines "unfair competition" to include any
16  unlawful business practice.

17      124.    Business and Professions Code §§ 17203–17204 allow a person who has lost money
18  or property as a result of unfair competition to bring a class action in accordance with Code of Civil
19  Procedure § 382 to recover money or property that may have been acquired from similarly situated
20  persons by means of unfair competition.

21      125.    California law requires employers to pay hourly, non-exempt employees for all hours
22  they are permitted or suffered to work, including hours that the employer knows or reasonably
23  should know that employees have worked.

24      126.    Plaintiff, on behalf of herself and the **UCL Class** members, re-alleges and
25  incorporates the FIRST, SECOND, THIRD, and FOURTH causes of action herein.

26      127.    Plaintiff lost money and/or property as a result of the aforementioned unfair
27  competition.

28      128.    Defendants have or may have acquired money by means of unfair competition.

                                    21

129.   Plaintiff is informed and believes and thereupon alleges that, by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802. Defendants thus committed misdemeanors by violating the Labor Code as alleged herein.

130.   Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, by failing to pay non-exempt employees for all hours worked, and by failing to reimburse them for all expenses.

131.   At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

132.   Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et sequitur*. Business and Professions Code §§ 17200 *et sequitur* protect against unfair competition and allow a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on behalf of herself and on behalf of similarly situated persons in a class-action proceeding.

133.   As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

134.   Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

135.   Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

136.   California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

1  relief for "any unlawful, unfair or fraudulent business act or practice," including a practice or act

2  that violates, or is considered unlawful under, any other state or federal law.

3       137.    Accordingly, pursuant to Business & Professions Code §§ 17200 and 17203,

4  Plaintiff requests the issuance of temporary, preliminary, and permanent injunctive relief enjoining

5  Defendants, and each of them, and their agents and employees, from further violations of the Labor

6  Code and applicable Industrial Welfare Commission Wage Orders, and upon a final hearing, an

7  order permanently enjoining Defendants, and each of them, and their respective agents and

8  employees, from further violations of the Labor Code and applicable Industrial Welfare

9  Commission Wage Orders.

10       138.    Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of herself

11  and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging

12  to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair

13  business practices.

14       139.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or

15  the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable

16  attorneys' fees in connection with their unfair competition claims.

17  **EIGHTH CAUSE OF ACTION**

18  **CIVIL PENALTIES**

19  **(Lab. Code §§ 2698 *et seq.*)**

20       140.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

21       141.    During the applicable limitations period, Defendants have violated Labor Code §§

22  201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1198, and 2802.

23       142.    Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of

24  herself and other current and former employees, to bring a representative civil action to recover

25  civil penalties pursuant to the procedures set forth in Labor Code § 2699.3 that may, but need not,

26  be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

27       143.    Plaintiff, a former employee against whom Defendants committed one or more of the

28  alleged Labor Code violations during the applicable limitations period, is an aggrieved employee

23
CLASS AND REPRESENTATIVE-ACTION COMPLAINT

1  within the meaning of Labor Code § 2699(c).

2      144.   Plaintiff has complied with the procedures for bringing suit specified in Labor Code

3  § 2699.3. Notice was provided to the California Labor & Workforce Development Agency

4  ("LWDA") and 65 days have elapsed without the LWDA providing Plaintiff with any notice of an

5  intent to investigate.

6      145.   Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil

7  penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510,

8  512, 1194, 1197, 1198 and 2802:

9          i.      For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 1194, 1198 and

10                   2802, one hundred dollars ($100) for each employee per pay period for each

11                   initial violation and two hundred dollars ($200) for each employee per pay

12                   period for each subsequent violation (penalties set by Labor Code §

13                   2699(f)(2));

14         ii.     For violations of Labor Code § 203, a penalty in an amount not exceeding

15                   thirty (30) days' pay as waiting time (penalties set by Labor Code § 256);

16        iii.    For violations of Labor Code § 204, one hundred dollars ($100) for each

17                   employee for each initial violation that was neither willful nor intentional,

18                   two hundred dollars ($200) for each employee, plus 25% of the amount

19                   unlawfully withheld from each employee, for each initial violation that was

20                   either willful or intentional, and two hundred dollars ($200) for each

21                   employee, plus twenty-five percent (25%) of the amount unlawfully withheld

22                   from each employee, for each subsequent violation, regardless of whether the

23                   subsequent violation was either willful or intentional (penalties set by Labor

24                   Code § 210);

25        iv.    For violations of Labor Code § 223, one hundred dollars ($100) for each

26                   employee for each initial violation that was neither willful nor intentional,

27                   two hundred dollars ($200) for each employee, plus twenty-five percent

28                   (25%) of the amount unlawfully withheld from each employee, for each

1    initial violation that was either willful or intentional, and two hundred dollars

2    ($200) for each employee, plus twenty-five percent (25%) of the amount

3    unlawfully withheld from each employee, for each subsequent violation,

4    regardless of whether the subsequent violation was either willful or

5    intentional (penalties set by Labor Code § 225.5);

6    v.    For violations of Labor Code § 226(a), if this action is deemed to be an initial

7    citation, two hundred and fifty dollars ($250) for each employee for each

8    violation. Alternatively, if an initial citation or its equivalent occurred before

9    the filing of this action, one thousand dollars ($1,000) for each employee for

10    each violation (penalties set by Labor Code § 226.3);

11    vi.    For violation of Labor Code §§ 510 and 512, fifty dollars ($50) for each

12    employee for each initial pay period for which the employee was underpaid,

13    and one hundred dollars ($100) for each employee for each subsequent pay

14    period for which the employee was underpaid (penalties set by Labor Code §

15    558);

16    vii.    For violations of Labor Code § 1197, one hundred dollars ($100) for each

17    aggrieved employee for each initial violation of Labor Code § 1197 that was

18    intentional and two hundred and fifty dollars ($250) for each aggrieved

19    employee per pay period for each subsequent violation of Labor Code §

20    1197, regardless of whether the initial violation was intentional (penalties set

21    by Labor Code § 1197.1);

22    viii.    Pursuant to Labor Code § 2699(g), Plaintiff seeks an award of reasonable

23    attorneys' fees and costs in connection with Plaintiff's claims for civil

24    penalties.

25    ///

26    ///

27    ///

28    ///

CLASS AND REPRESENTATIVE-ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

        (1)     An order that the action be certified as a class action;

        (2)     An order that Plaintiff be appointed class representative;

        (3)     An order that counsel for Plaintiff be appointed class counsel;

        (4)     Unpaid wages;

        (5)     Actual damages;

        (6)     Liquidated damages;

        (7)     Restitution;

        (8)     Declaratory relief;

        (9)     Pre-judgment interest;

        (10)    Statutory penalties;

        (11)    Civil penalties;

        (12)    Costs of suit;

        (13)    Reasonable attorneys' fees; and

        (14)    Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

Dated: November 12, 2021          SETAREH LAW GROUP

                               SHAUN SETAREH
                               DAVID KELEDJIAN
                               SHANE R. FARLEY
                               Attorneys for Plaintiff
                               AMANDA HALE

26

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>Setareh Law Group<br>9665 Wilshire Blvd., Suite 430 Beverly Hills, CA 90212<br>TELEPHONE NO.: 310-888-7771   FAX NO. *(Optional):* 310-888-0109<br>ATTORNEY FOR *(Name):* Plaintiff, Amanda Hale | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**11/18/2021 at 04:50:15 PM**<br>By: Cheryl Clark, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Hale v. Brinker International, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **21CV002855** |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [x] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [x] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 11/12/2021
Shaun Setareh
_____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT B

Kevin D. Reese (State Bar No. 172992)
Marina I. Garcia (State Bar No. 320507)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail:  Kevin.Reese@jacksonlewis.com
E-mail:  Marina.Garcia@jacksonlewis.com

Attorneys for Defendants
BRINKER INTERNATIONAL, INC.,
BRINKER INTERNATIONAL PAYROLL
COMPANY, L.P., and BRINKER
RESTAURANT CORPORATION

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/22/2021 at 04:17:00 PM**
By: Dajuana Turner, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| AMANDA HALE, on behalf of herself and all others similarly situated, and the general public,<br><br>         Plaintiff,<br><br>     v.<br><br>BRINKER INTERNATIONAL, INC., a Delaware corporation; BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., a Delaware limited partnership; BRINKER RESTAURANT CORPORATION, a Virginia corporation; and DOES 1 through 50, inclusive,<br><br>         Defendants. | Case No. 21CV002855<br><br>**CLASS AND REPRESENTATIVE ACTION**<br><br>**DEFENDANTS BRINKER INTERNATIONAL, INC., BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., AND BRINKER RESTAURANT CORPORATION ANSWER TO COMPLAINT**<br><br>Complaint Filed:   11/18/2021<br>Trial Date:       None set. |

Defendants BRINKER INTERNATIONAL, INC., BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., and BRINKER RESTAURANT CORPORATION ("Defendants") hereby answer the unverified Complaint ("Complaint") filed by Plaintiff AMANDA HALE ("Plaintiff") as follows:

///

///

## GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendants hereby answer the Complaint filed by Plaintiff by generally denying each and every allegation contained therein. Defendants further deny that Plaintiff and the putative class she seeks to represent has been damaged in the manner alleged, or in any manner at all, or that Plaintiff or the putative class is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendants assert the following additional and affirmative defenses to the allegations set forth in Plaintiff's Complaint, without conceding that Defendants bear the burden of proof or persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     The Complaint as a whole, and each and every cause of action alleged therein on behalf of Plaintiff and the putative class, is barred, in whole or in part, by any and all applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 338(a), 340(a), California Business & Professions Code § 17208, and California Labor Code §§ 203(b) and 210, and any other administrative regulation or requirement.

## THIRD AFFIRMATIVE DEFENSE

### (Not Suffered or Permitted to Work)

3.     The Complaint as a whole, and each and every cause of action alleged therein on behalf of Plaintiff and the putative class, fails because Plaintiff and the putative class were not suffered or permitted to work during any time for which they were not paid the appropriate wage rate, including the proper minimum wage and overtime rates.

DEFENDANTS BRINKER INTERNATIONAL, INC., BRINKER INTERNATIONAL
PAYROLL COMPANY, L.P., AND BRINKER RESTAURANT CORPORATION ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTH AFFIRMATIVE DEFENSE

### (Not Hours Worked)

4.      The Complaint as a whole, and each and every cause of action alleged therein on behalf of Plaintiff and the putative class, fails because some or all of the hours for which Plaintiff and the putative class claim compensation are not considered hours worked under California state law. Moreover, Plaintiff was properly paid for all hours worked.

## FIFTH AFFIRMATIVE DEFENSE

### (No Failure to Provide Meal and Rest Breaks)

5.      The Complaint as a whole, and each and every cause of action alleged therein on behalf of Plaintiff and the putative class, is barred to the extent that Defendants have no knowledge or reason to know that Plaintiff and the putative class were working for time for which they were not paid, or that they were not taking meal or rest periods provided to them in accordance with the law. Further, the Complaint is barred as Plaintiff and the putative class were provided with meal and rest break opportunities in accordance with the law.

## SIXTH AFFIRMATIVE DEFENSE

### (Wage Statements — No Knowing and Intentional Failure)

6.      Plaintiff's claim under Labor Code 226 is barred because Defendants provided Plaintiff and the putative class with code-compliant wage statements. Even assuming arguendo Plaintiff and the putative class were not provided with a proper itemized statement of wages and deductions, a recovery of damages or penalties is not permitted because Defendants' alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(a).

## SEVENTH AFFIRMATIVE DEFENSE

### (Wage Statements — No Injury)

7.      Plaintiff's claims and the claims of the putative class for failure to provide compliant wage statements are barred in whole or in part, and recovery of damages or penalties is not permitted, because they have suffered no injury.

///

///

DEFENDANTS BRINKER INTERNATIONAL, INC., BRINKER INTERNATIONAL
PAYROLL COMPANY, L.P., AND BRINKER RESTAURANT CORPORATION ANSWER TO COMPLAINT

1

2

### EIGHTH AFFIRMATIVE DEFENSE

**(No Willful Violation / Good Faith Dispute)**

3

4

5

6

8.      To the extent Plaintiff and the putative class seek penalties for any alleged willful failure to comply with the requirements of the California Labor Code, including but not limited to Labor Code section § 203, such penalties are barred because Defendants did not willfully violate any provision of the California Labor Code, and good faith disputes exist concerning any alleged violation.

7

8

### NINTH AFFIRMATIVE DEFENSE

**(No Violation of Underlying State Law)**

9

10

11

9.      Defendants are not liable for violation of unlawful business practices pursuant to California Business and Professions Code §§ 17200 et seq. because they are not liable to Plaintiff or the putative class for any alleged violation of underlying state or federal laws.

12

13

### TENTH AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

14

15

16

10.      Plaintiff and the putative class are not entitled to a recovery of equitable relief,  including any relief requested pursuant to California Business and Professions Code §§ 17200 et seq. because of the existence of an adequate remedy at law.

17

18

### ELEVENTH AFFIRMATIVE DEFENSE

**(No Proscribed Conduct/No "Business Practice")**

19

20

21

22

11.      Plaintiff's claims and that of the putative class for alleged violations of California Business & Professions Code §§ 17200 et seq. fail because Defendants did not engage in a conduct proscribed by the California Business & Professions Code §§ 17200 et seq. or have not engaged in a "business practice" subject to the Act.

23

24

### TWELVETH AFFIRMATIVE DEFENSE

**(Waiver and Release)**

25

26

12.      Some or all of Plaintiff's claims and the claims of the putative class are barred, in whole or in part, by prior waiver and or release.

27

///

28

///

DEFENDANTS BRINKER INTERNATIONAL, INC., BRINKER INTERNATIONAL
PAYROLL COMPANY, L.P., AND BRINKER RESTAURANT CORPORATION ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Standing)

13.     Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing as a representative of the putative class and does not and cannot adequately represent the putative class members as to some or all claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate / Avoidable Consequences)

14.     Plaintiff's claims and the claims of the putative class are barred, in whole or in part, to the extent Plaintiff and members of the putative class have not appropriately nor adequately mitigated their alleged damages, if any, or taken advantage of any preventative or corrective safeguards to avoid harm. Plaintiff's claims and the claims of the putative class are barred, in whole or in part, or any recovery should be reduced, pursuant to the avoidable consequences doctrine, because Defendants took reasonable steps to prevent and correct alleged violations of wage-and-hour laws; Plaintiff and putative class members unreasonably failed to use the preventative and corrective opportunities provided by Defendants; Defendants communicated those procedures to Plaintiff and putative class members during their employment; Plaintiff and putative class members were aware of such procedures; and reasonable use of Defendants' procedures would have been prevented at least some of the harm that Plaintiff and putative class members allegedly suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Accord, Satisfaction and Payment)

15.     Plaintiff's claims and the claims of the putative class are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

16.     Plaintiff's claims and the claims of the putative class are barred under the equitable doctrines of consent, laches, waiver, estoppel, unjust enrichment, and doctrine of unclean hands.

///

///

DEFENDANTS BRINKER INTERNATIONAL, INC., BRINKER INTERNATIONAL
PAYROLL COMPANY, L.P., AND BRINKER RESTAURANT CORPORATION ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

17.     Defendants are entitled to an offset for amounts Plaintiff and the putative class members for receipt of any wages and other benefits or compensation to which they were not entitled and/or did not earn.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Record All Hours Worked)

18.     Plaintiff's and the claims of the putative class members for unpaid minimum wages and overtime are barred to the extent Plaintiff and the putative class failed to work or record all time worked as reasonable expected and required by Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Liquidated Damages)

19.     Defendants acted reasonably and in good faith at all times, and therefore Plaintiff's claims, including without limitation any claims for liquidated damages, are barred in whole or in part.

## TWENTEITH AFFIRMATIVE DEFENSE

### (Constitutional Defense — Individualized Inquiries)

20.     Class treatment is not the superior method for resolving the claims of Plaintiff and the putative class members because Defendants' due process rights would be violated if they are not provided the opportunity to litigate their statutory defenses to individual claims and focus on individualized inquiries related to Plaintiff and each putative class member. See, Duran v. U.S. Bank Association (2014) 59 Cal. 4th 1172.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Constitutional Defense - Penalties)

21.     Although Defendants deny that they have committed or have responsibility for any act that could support the recovery against Defendants in this lawsuit, such recovery is barred if any, to the extent any such act is found, because such recovery against Defendants is unconstitutional under numerous provisions of the United States Constitution and California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and

DEFENDANTS BRINKER INTERNATIONAL, INC., BRINKER INTERNATIONAL
PAYROLL COMPANY, L.P., AND BRINKER RESTAURANT CORPORATION ANSWER TO COMPLAINT

Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other provisions of the California Constitution.

## RESERVATION OF RIGHTS

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The defenses asserted herein are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any defense contained herein at any time.

## DEFENDANT'S REQUEST FOR RELIEF

Wherefore, Defendants pray for judgment that:

1.      That Plaintiff takes nothing by way of the Complaint;

2.      That the Complaint be dismissed with prejudice and judgment entered in favor of Defendants and against Plaintiff on all claims;

3.      That Defendants be awarded their costs of suit incurred herein;

4.      That Defendants be awarded attorney's fees pursuant to statute and/or contract, and;

5.      The Court award Defendants such other and further relief as it deems just and proper.


Dated:  December 22, 2021                    JACKSON LEWIS P.C.

                                             By: _____
                                             Kevin D. Reese
                                             Marina I. Garcia
                                             Attorneys for Defendants
                                             BRINKER INTERNATIONAL, INC., BRINKER
                                             INTERNATIONAL PAYROLL COMPANY, L.P.,
                                             and BRINKER RESTAURANT CORPORATION

DEFENDANTS BRINKER INTERNATIONAL, INC., BRINKER INTERNATIONAL
PAYROLL COMPANY, L.P., AND BRINKER RESTAURANT CORPORATION ANSWER TO COMPLAINT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

**CASE NAME:**      *Amanda Hale v. Brinker International, Inc., et al.*

**CASE NUMBER:    21CV002855**

     I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is 50 California Street, 9th Floor, San Francisco, California 94111.

     On **December 22, 2021**, I served the foregoing document described as

**DEFENDANTS BRINKER INTERNATIONAL, INC., BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., AND BRINKER RESTAURANT CORPORATION ANSWER TO COMPLAINT**

in this action by transmitting a true copy thereof as follows:

| | |
|---|---|
| Shaun Setareh | Attorneys for Plaintiff |
| David Keledjian | |
| Shane R. Farley | *AMANDA HALE* |
| SETAREH LAW GROUP | |
| 9665 Wilshire Boulevard, Suite 430 | |
| Beverly Hills, California 90212 | |
| Telephone:    310.888.7771 | |
| Facsimile:    310.8880109 | |
| Email:    Shaun@setarehlaw.com | |
|     david@setarehlaw.com | |
|     shane@setarehlaw.com | |

**[ ]    BY MAIL:**    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ X ]    BY ELECTRONIC FILING SERVICE:**  I served the document(s) on the person listed in the Service List by submitting an electronic version of the document(s) to First Legal  through the user interface at www.firstlegal.com.

**[ ]    BY E-MAIL OR ELECTRONIC TRANSMISSION:**    Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address  larry.nelson@jacksonlewis.com    to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]    BY UPS OVERNIGHT DELIVERY:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for deposit with UPS.  Under that practice it would be deposited with UPS on that same day with fees thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if date of receipt of the document by UPS is more than one day after date of deposit for mailing in affidavit.

**[ ]** **PERSONAL SERVICE:** I delivered the foregoing document by hand delivery to the addressee named above.

**[ ]** **BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing Certified/Return Receipt Requested. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. The envelope was mailed Certified/Return Receipt Requested with postage thereon fully prepaid.

**[ ]** **BY ELECTRONIC SERVICE:** (via electronic filing service provider) – by uploading documents listed above directly onto the **Case Anywhere** website at www.caseanywhere.com pursuant to the Court's Order Authorizing Electronic Service in this matter.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 22, 2021 at San Francisco, California.

LARRY NELSON

4887-6289-2039, v. 1

PROOF OF SERVICE

2                                    Case No. 21CV002855