UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMANDA HALE,

          Plaintiff,

    v.

BRINKER INTERNATIONAL, INC., et al.,

          Defendants.

Case No.  21-cv-09978-VC

**ORDER DENYING MOTION TO COMPEL ARBITRATION**

Re: Dkt. No. 17

Brinker's motion to compel arbitration is denied. The Federal Arbitration Act "permits arbitration agreements to be declared unenforceable" where a court finds an agreement to be unconscionable. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Under California law, unconscionability contains both procedural and substantive elements. *Armendariz v. Foundation Health Psychcare*, 6 P.3d 669, 690 (Cal. 2000). Where, as here, an employee faces an employer with nearly complete bargaining power and in which the employee has no little to no opportunity to negotiate terms, courts have found arbitration agreements at least somewhat procedurally unconscionable. *See Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922-23 (9th Cir. 2013).

The arbitration's cost-splitting provision is substantively unconscionable. The agreement provides that "[t]he costs and expenses of the arbitration shall be borne evenly by the parties, unless otherwise awarded by the arbitrator in the final, written decision." But California law prohibits employers from shifting the costs of arbitration onto employees. *Armendariz*, 6 P.3d at 687; *see also Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1003 (9th Cir. 2021).

Brinker seemed to concede at the hearing on the motion to compel that the cost-splitting provision is unconscionable under California law, but it insists that the provision be severed. California law provides that "[i]f a court as a matter of law finds . . . any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." Cal. Civil Code § 1670.5. California courts have declined to enforce agreements that contain multiple unconscionable provisions. *See Armendariz*, 6 P.3d at 697. This case, however, presents a closer question because the agreement contains just one substantively unconscionable provision. And, as Brinker points out, Hale signed the agreement seventeen years ago, before arbitration became as commonplace as it is today, which might suggest that Brinker included the unconscionable provision out of neglect rather than heavy-handedness.

But there are good reasons not to sever the provision and instead to decline to enforce the agreement as a whole. *Armendariz* predated the contract between Hale and Brinker by five years. Brinker therefore had the opportunity to revise its agreement to strip out the unconscionable cost-splitting provision and failed to do so. Nor does the record evidence suggest that Brinker simply used an outdated contract when it contracted with Hale. The bottom of the arbitration agreement shows that it was revised in December 2004, more than four years after the California Supreme Court ruled in *Armendariz*.

Even though the cost-splitting provision is the only substantively unconscionable provision of the agreement, it remains consequential. Cost- and fee-shifting provisions can create a chilling effect, discouraging employees from vindicating their rights for fear that failure will prove cripplingly expensive. *See Lim*, 8 F.4th at 1004. If employees think they must split the costs of arbitration, which can easily run in the thousands of dollars, they may (and often will) simply decline to bring claims in the first place. Even more so where employees lack deep pockets and seek to bring claims for wage and hour violations, which risks loss of employment or harm to future employment prospects. Were courts to excise those provisions and enforce

arbitration agreements anyway, employers would have no incentive not to chill claims by including cost-shifting provisions in arbitration agreements. Even absent other unconscionable terms, therefore, under these circumstances the cost-shifting provision at issue is reason enough to decline to enforce the agreement and deny Brinker's motion to compel arbitration. *See Reyes v. Hearst Communications, Inc.*, 2021 WL 3771782, at \*4 (N.D. Cal. Aug. 24, 2021) (declining to sever where an arbitration agreement contained a fee-splitting provision). *But see Lim*, 8 F.4th at 1006 (holding that the district court did not abuse its discretion by declining to sever where there were "multiple unconscionable provisions").

  **IT IS SO ORDERED.**

Dated: June 17, 2022

                _____

                VINCE CHHABRIA
                United States District Judge