1  Shaun Setareh (SBN 204514)
      shaun@setarehlaw.com
2  David Keledjian (SBN 309135)
      david@setarehlaw.com
3  David Arakelyan (SBN 337076)
      arakelyan@setarehlaw.com
4  SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiffs  AMANDA HALE and DANIELLE BREWER

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

12  AMANDA HALE, on behalf of herself and all       Case No. 3:21-CV-09978-VC
    others similarly situated, and the general
13  public,                                          **FIRST AMENDED CLASS AND
                                                      REPRESENTATIVE ACTION
14            *Plaintiff*,                            COMPLAINT**

15            v.                                      1.  Failure to Provide Meal Periods (Lab. Code
                                                          §§ 204, 223, 226.7, 512 and 1198);
16  BRINKER INTERNATIONAL, INC., a                    2.  Failure to Provide Rest Periods (Lab. Code
    Delaware corporation; BRINKER                         §§ 204, 223, 226.7 and 1198);
17  INTERNATIONAL PAYROLL COMPANY,                    3.  Failure to Pay Hourly Wages (Lab. Code §§
    L.P., a Delaware limited partnership;                 223, 510, 1194, 1194.2, 1197, 1997.1 and
18  BRINKER RESTAURANT CORPORATION,                       1198);
    a Virginia corporation; and DOES 1 through       4.  Failure to Indemnify (Lab. Code § 2802);
19  50, inclusive,                                    5.  Failure to Provide Accurate Written Wage
                                                          Statements (Lab. Code §§ 226(a));
20            *Defendants*.                           6.  Failure to Timely Pay All Final Wages
                                                          (Lab. Code §§ 201, 202 and 203);
21                                                    7.  Unfair Competition (Bus. & Prof. Code §§
                                                          17200 *et seq.*);
22                                                    8.  Civil Penalties (Lab. Code § 2698, *et seq.*)

23                                                    **JURY TRIAL DEMANDED**

24

25

26

27

28

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    Plaintiffs AMANDA HALE and DANIELLE BREWER (collectively, "Plaintiffs"), on

2  behalf of herself and all others similarly situated, and the general public, and the State of

3  California, complain and allege as follows:

4                                **INTRODUCTION**

5    1.    Plaintiffs bring this class and representative action against Defendants BRINKER

6  INTERNATIONAL, INC., a Delaware corporation; BRINKER INTERNATIONAL PAYROLL

7  COMPANY, L.P., a Delaware limited partnership; BRINKER RESTAURANT CORPORATION,

8  a Virginia corporation; and DOES 1 through 50, inclusive, (collectively referred to as

9  "Defendants") for alleged violations of the Labor Code. As set forth below, Plaintiffs allege that

10  Defendants have

11    (1)    failed to provide Plaintiffs and all other similarly situated individuals with meal

12          periods;

13    (2)    failed to provide them with rest periods;

14    (3)    failed to pay them premium wages for missed meal and/or rest periods;

15    (4)    failed to pay them premium wages for missed meal and/or rest periods at the regular

16          rate of pay;

17    (5)    failed to pay them at least minimum wage for all hours worked;

18    (6)    failed to pay them overtime wages at the correct rate;

19    (7)    failed to pay them double time wages at the correct rate;

20    (8)    failed to pay them overtime and/or double time wages by failing to include all

21          applicable remuneration in calculating the regular rate of pay;

22    (9)    failed to reimburse them for all necessary business expenses;

23    (10)   failed to provide them with accurate written wage statements; and

24    (11)   failed to pay them all of their final wages following separation of employment.

25    Based on these alleged violations, Plaintiffs now bring this class and representative action

26  to recover unpaid wages, restitution, civil and statutory penalties, and related relief on behalf of

27  themselves and all others similarly situated, all other aggrieved employees, and the State of

28  California.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

**JURISDICTION AND VENUE**

2.     Venue is proper in the Northern District of California as this matter has been removed from the Superior Court of California, County of Alameda.

**PARTIES**

3.     Plaintiff HALE is and was, and at all relevant times mentioned herein, an individual residing in the State of California.

4.     Plaintiff BREWER is currently a resident of the State of Nevada. Plaintiff BREWER was an individual residing in the State of California at the time the alleged violations took place.

5.     Plaintiffs are informed and believe, and thereupon alleges that Defendant BRINKER INTERNATIONAL, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

6.     Plaintiffs are informed and believe, and thereupon allege, that Defendant BRINKER INTERNATIONAL PAYROLL COMPANY, L.P. is, and at all relevant times mentioned herein, a Delaware limited partnership doing business in the State of California.

7.     Plaintiffs are informed and believe, and thereupon allege, that Defendant BRINKER RESTAURANT CORPORATION  is, and at all relevant times mentioned herein, a Virginia corporation doing business in the State of California.

8.     Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained.  Plaintiffs are informed and believe, and thereupon allege, that each of the fictitiously named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiffs' alleged damages were proximately caused by these defendants, and each of them.  Plaintiffs will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

9.     Plaintiffs are informed and believe, and thereupon allege that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees,

1 | partners, directors, associates, joint venturers, joint employers, principals, or co-participants of some

2 | or all of the other defendants, and, in doing the things alleged herein, were acting within the course

3 | and scope of such relationship and with the full knowledge, consent, and ratification by such other

4 | defendants.

5 | **CLASS ALLEGATIONS**

6 |      10.    This action has been brought and may be maintained as a class action because there

7 | is a well-defined community of interest among the persons who comprise the readily ascertainable

8 | classes defined below and because Plaintiffs are unaware of any difficulties likely to be encountered

9 | in managing this case as a class action.

10 |      11.    **Relevant Time Period**: The relevant time period is defined as the time period

11 | beginning four years prior to the filing of this action until judgment is entered.

12 |      **Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California

13 | during the **Relevant Time Period**.

14 |      **Meal Period Sub-Class**: All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

15 |

16 |      **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

17 |

18 |      **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is

19 | entered.

20 |      **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period

21 | beginning three years before the filing of this action and ending when final judgment is entered.

22 |      **UCL Class**: All **Hourly Employee Class** members employed by Defendants in

23 | California during the **Relevant Time Period**.

24 |      **Expense Reimbursement Class**: All persons employed by Defendants in California who incurred business expenses during the **Relevant Time Period**.

25 |

26 |      **Regular Rate Class**: All of Defendants' hourly, non-exempt employees who were not paid overtime wages for all overtime hours worked and/or premiums for meal and/or

27 | rest break violations as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, shift differentials, shift premiums, and/or non-discretionary bonuses.

28 |

1    12.    **Reservation of Rights**:  Plaintiffs reserve the right to amend or modify the class

2    definitions with greater specificity by further division into sub-classes and/or by limitation to

3    particular issues.

4    13.    **Numerosity**: The class members are so numerous that the individual joinder of each

5    individual class member is impractical. While Plaintiffs do not currently know the exact number of

6    class members, Plaintiffs are informed and believe, and thereupon alleges, that the actual number

7    exceeds the minimum required for numerosity.

8    14.    **Commonality and Predominance:** Common questions of law and fact exist as to all

9    class members and predominate over any questions that affect only individual class members. These

10   common questions include, but are not limited to:

11    i.    Whether Defendants maintained a policy or practice of failing to provide employees
12          with their meal periods;

13    ii.   Whether Defendants maintained a policy or practice of failing to provide employees
14          with their rest periods;

15    iii.  Whether Defendants failed to pay premium wages to class members when they have
16          not been provided with required meal and/or rest periods;

17    iv.   Whether Defendants failed to pay minimum and/or overtime wages to class members
18          as a result of policies that fail to provide meal periods in accordance with California
19          law;

20    v.    Whether Defendants failed to pay minimum and/or overtime wages to class members
21          for all time worked;

22    vi.   Whether Defendants used payroll formulas that systematically fail to account for
23          non-discretionary bonuses and/or other applicable remuneration when calculating
24          regular rates of pay for class members;

25    vii.  Whether Defendants failed to pay overtime wages to class members as a result of
26          incorrectly calculating their regular rates of pay;

27    viii. Whether Defendants failed to pay premium wages to class members based on their
28          respective "regular rates of compensation" by not including commissions and/or

4
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    other applicable remuneration in calculating the rates at which those wages are paid;

2    ix.    Whether Defendants failed to reimburse class members for all necessary business

3    expenses incurred during the discharge of their duties;

4    x.    Whether Defendants failed to provide class members with accurate written wage

5    statements as a result of providing them with written wage statements with

6    inaccurate entries for, among other things, amounts of gross and net wages, and total

7    hours worked;

8    xi.    Whether Defendants applied policies or practices that result in late and/or incomplete

9    final wage payments;

10    xii.    Whether Defendants are liable to class members for waiting time penalties under

11    Labor Code section 203;

12    xiii.    Whether class members are entitled to restitution of money or property that

13    Defendants may have acquired from them through unfair competition;

14    15.    **Typicality:** Plaintiffs' claims are typical of the other class members' claims.

15    Plaintiffs are informed and believe, and thereupon allege, that Defendants have a policy or practice

16    of failing to comply with the Labor Code and Business and Professions Code as alleged in this

17    Complaint.

18    16.    **Adequacy of Class Representative:** Plaintiffs are adequate class representatives in

19    that they have no interests that are adverse to or otherwise conflict with the interests of absent class

20    members and are dedicated to vigorously prosecuting this action on their behalf. Plaintiffs will

21    fairly and adequately represent and protect the interests of the other class members.

22    17.    **Adequacy of Class Counsel:** Plaintiffs' counsel are adequate class counsel in that

23    they have no known conflicts of interest with Plaintiffs or absent class members, are experienced in

24    wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

25    behalf of Plaintiffs and absent class members.

26    18.    **Superiority:** A class action is vastly superior to other available means for fair and

27    efficient adjudication of the class members' claims and would be beneficial to the parties and the

28    Court. Class action treatment will allow a number of similarly situated persons to prosecute their

common claims simultaneously and efficiently in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

19.     Plaintiffs worked for Defendants as hourly, non-exempt employees during the applicable statutory period.

**Late, and/or Shortened Meal Periods**

20.     Plaintiffs and the aggrieved employees were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

21.     Specifically, Defendants have a policy and/or practice of requiring Plaintiffs and the aggrieved employees to take their meal periods after the fifth hour of work during busy shifts. Additionally, Plaintiffs and the aggrieved employees routinely clocked out for their meal period, quickly ate their food, and then clocked in to continue performing their duties as their worksites were understaffed. Plaintiffs and the aggrieved employees did not take their meal period until more than 6 hours into their shift to accommodate the large amount of patrons in the restaurant during busy hours. If Plaintiffs knew that the shift was going to be a busy one, she would purposefully eat before the shift knowing that there would be absolutely no available time during the first five hours with which to clock out and eat. Additionally, the aggrieved employees were required to clock out for meal periods even though they continued to perform work with the full knowledge of their

1 supervisors.

2      22.    As a result of Defendants' policy and/or practice, Plaintiffs and the aggrieved

3 employees were regularly not provided with uninterrupted meal periods of at least thirty (30)

4 minutes for each five (5) hours worked due to complying with Defendants' productivity

5 requirements that required Plaintiff and the aggrieved employees to work through their meal

6 periods.

7                                          **Missed Rest Breaks**

8      23.    Plaintiffs and the aggrieved employees were not provided with rest periods of at

9 least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

10 Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically

11 understaffing each work shift with not enough workers; and (3) imposing so much work on each

12 employee such that it made it unlikely that an employee would be able to take their breaks if they

13 wanted to finish their work on time.

14      24.    Specifically, Defendants did not adequately staff their workplace so that on almost

15 all occasions the aggrieved employees could not take their rest breaks because they were required

16 to continuously work to accommodate Defendants' demands. Plaintiffs and the aggrieved

17 employees were only able to take rest breaks of one (1) to five (5) minutes, and were

18 systematically denied their rest breaks. Additionally, when Plaintiffs and the aggrieved employees

19 were able to take a shortened rest break, they frequently did so after the fourth hour of work

20 because they were too busy to be relieved of their duties. Plaintiffs and aggrieved employees did

21 not have their rest breaks scheduled and were required to be released by a manager. Due to the

22 amount of work they had, Plaintiffs and the aggrieved employees were unable to find time with

23 which they could rest, and were routinely interrupted after a few short minutes when they were

24 able to take their rest break.

25      25.    As a result of Defendants' policy and/or practice, Plaintiffs and the aggrieved

26 employees were regularly not provided with uninterrupted rest periods of at least ten (10) minutes

27 for each four (4) hours worked due to complying with Defendants' productivity requirements that

28 required Plaintiff and the aggrieved employees to work through their rest periods in order to

1 complete their assignments on time.

2                           **Off-the-Clock Work**

3          26.    Plaintiffs and aggrieved employees would be required to perform off-the-clock

4 work on multiple occasions after they had clocked out for their shift. For example, Plaintiffs and

5 aggrieved employees would be directed by a manager to clock out before they hit overtime hours

6 and then continue to close the store, clean, do their side duties, and/or serve patrons.

7          27.    Defendants knew or should have known that Plaintiffs and aggrieved employees

8 were not "on the clock" after they had clocked out and therefore should not have directed Plaintiffs

9 and the aggrieved employees to perform any additional work once they had clocked out.

10         28.    Plaintiffs and aggrieved employees were not paid for all hours worked as they were

11 required to clock out before finishing up their closing duties.

12         29.    The time spent by Plaintiffs and aggrieved employees to perform their closing

13 duties before they were permitted to leave the store could be anywhere from thirty (30) minutes to

14 an hour—time which was unpaid by Defendants.

15                           **Regular Rate of Pay**

16         30.    The regular rate of pay under California law includes all remuneration for

17 employment paid to, on behalf of, the employee. This requirement includes, but is not limited to,

18 commissions and non-discretionary bonuses.

19         31.    At all relevant times, Defendants violated the above-referenced Labor Code sections

20 by failing to pay Plaintiffs and the aggrieved employees for all hours worked, including, but not

21 limited to, overtime hours and/or meal and/or rest premiums. While employed by Defendants,

22 Plaintiffs and the aggrieved employees received hourly wages and other remuneration, including,

23 but not limited to, gift cards for selling a certain amount of items and/or non-discretionary bonuses

24 and/or other applicable remuneration that must be included when calculated their regular rates of

25 pay for purposes of overtime, meal premiums, and/or rest premiums.

26         32.    However, Defendants consistently failed to include all applicable forms of

27 remuneration when calculating their regular rates of pay. As a result, any overtime wages, meal

28 premiums, and/or rest premiums paid to Plaintiffs and the aggrieved employees were not paid at

1 | the regular rate of pay.

2 | 33. During the applicable limitations period, Defendants violated the rights of Plaintiffs

3 | and the aggrieved employees under the above-referenced Labor Code sections by failing to pay

4 | them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and

5 | 1198 as a result of not correctly calculating their regular rate of pay to include all applicable

6 | remuneration, including, but not limited to, non-discretionary bonuses and/or holiday premium

7 | pay.

8 | **Expense Reimbursement**

9 | 34. At all relevant times during the applicable limitations period, Defendants required

10 | Hale and the aggrieved employees to incur expenses which Defendants failed and/or refused to

11 | reimburse them for including, but not limited to, requiring Plaintiffs and the aggrieved employees to

12 | purchase their polo shirts from Defendants and purchase a phone application used to check their

13 | schedules. Additionally, Plaintiffs and the aggrieved employees were required to transport goods on

14 | occasion in their personal vehicles without reimbursement.

15 | 35. Defendants failed to reimburse Plaintiffs and the aggrieved employees for such

16 | necessary business expenses incurred by them.

17 | **Wage Statements**

18 | 36. Plaintiffs and the aggrieved employees were not provided with accurate wage

19 | statements as mandated by law pursuant to Labor Code § 226.

20 | 37. Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

21 | earned" were not accurately reflected in that all hours worked, including overtime and "off-the-

22 | clock" work, were not included.

23 | 38. Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

24 | worked by the employee" were not accurately reflected in that all hours worked, including overtime

25 | and "off-the-clock" work, were not included.

26 | 39. Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

27 | earned" were not accurately reflected in that all hours worked, including overtime and "off-the-

28 | clock" work, were not included.

40.     Defendants failed to comply with Labor Code section 226(a)(8) as "the name and address of the legal entity that is the employer" were not accurately reflected.

41.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work, were not included.

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Plaintiffs and Meal Period Sub-Class)

42.     Plaintiffs incorporate by reference the preceding paragraphs as if fully alleged herein.

43.     At all relevant times, Plaintiffs and the **Meal Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order ("Wage Order").

44.     Labor Code § 512 and § 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

45.     Labor Code § 226.7 and § 11 of the applicable Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

46.     Compensation for missed meal periods constitutes wages within the meaning of Labor Code § 200.

47.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

48.     Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5)

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

49.    At all relevant times, Plaintiffs were not subject to a valid on-duty meal period agreement. Plaintiffs are informed and believe that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

50.    Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiffs and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the applicable Wage Order.

51.    Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

52.    Moreover, Defendants' written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that employees are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

53.    At all relevant times, Defendants failed to pay Plaintiffs and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

54.    Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiffs, on behalf of themselves and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

55.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and the **Meal**

1  **Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

2  ## SECOND CAUSE OF ACTION

3  ### FAILURE TO PROVIDE REST PERIODS

4  ### (Lab. Code §§ 204, 223, 226.7 and 1198)

5  ### (Plaintiffs and Rest Period Sub-Class)

6    56. Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

7    57. At all relevant times, Plaintiffs and the **Rest Period Sub-Class** members have been

8  non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

9  Code and the applicable Wage Order.

10    58. Section 12 of the applicable Wage Order imposes an affirmative obligation on

11  employers to permit and authorize employees to take required rest periods at a rate of no less than

12  ten minutes of net rest time for each four-hour work period, or major fraction thereof, that must be

13  in the middle of each work period insofar as practicable.

14    59. Labor Code § 226.7 and § 12 of the applicable Wage Order both prohibit employers

15  from requiring employees to work during required rest periods and require employers to pay non-

16  exempt employees an hour of premium wages at the employees' regular rates of pay, on each

17  workday that the employee is not provided with the required rest period(s).

18    60. Compensation for missed rest periods constitutes wages within the meaning of Labor

19  Code § 200.

20    61. Labor Code § 1198 makes it unlawful to employ a person under conditions that

21  violate the Wage Order.

22    62. Plaintiffs allege that, at all relevant times during the applicable limitations period,

23  Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

24  with net rest period of at least ten minutes for each four-hour work period, or major fraction thereof,

25  as required by the applicable Wage Order.

26    63. At all relevant times, Defendants failed to pay Plaintiffs and the **Rest Period Sub-**

27  **Class** members additional premium wages when required rest periods were not provided.

28    64. Specifically, Defendants written policies do not provide that employees may take a

1  rest period for each four hours worked, or major fraction thereof, nor that rest periods should be

2  taken in the middle of each work period insofar as practicable.

3      65.     Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiffs, on behalf of themselves

4  and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

5  costs of suit.

6      66.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial

7  benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Rest**

8  **Period Sub-Class** members, seek to recover reasonable attorneys' fees.

9                          **THIRD CAUSE OF ACTION**

10           **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

11               **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

12                   **(Plaintiffs and Hourly Employee Class)**

13      67.     Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

14      68.     At all relevant times, Plaintiffs and **Hourly Employee Class** members are or have

15  been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

16  applicable Wage Order.

17      69.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during

18  which an employee is subject to the control of the employer, and includes all the time the employee

19  is suffered or permitted to work, whether or not required to do so."

20      70.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt

21  employees at least the minimum wage set forth therein for all hours worked, which consists of all

22  hours that an employer has actual or constructive knowledge that employees are working.

23      71.     Labor Code § 1194 invalidates any agreement between an employer and an

24  employee to work for less than the minimum or overtime wage required under the applicable Wage

25  Order.

26      72.     Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages

27  in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the

28  underlying unpaid minimum wages and interest thereon.

73.     Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

74.     Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

75.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

76.     Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

77.     Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

78.     Labor Code § 510 and § 3 of the applicable Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times the employees' respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and for the first eight hours worked on the seventh consecutive day of one workweek.

79.     Labor Code § 510 and § 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times the employees' respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

80.     Plaintiffs are informed and believe that, at all relevant times, Defendants have applied centrally devised policies and practices to them and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

81.     At all relevant times, Defendants failed to pay hourly wages to Plaintiffs and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at

1    statutory and/or agreed rates.

2        82.    During the relevant time period, Defendants failed to pay Plaintiffs and **Hourly**

3    **Employee Class** members all earned wages every pay period at the correct rates, including

4    overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiffs and

5    **Hourly Employee Class** members to perform off-the-clock work.

6        83.    As a result of Defendants' unlawful conduct, Plaintiffs and **Hourly Employee Class**

7    members have suffered damages in an amount subject to proof, to the extent they were not paid the

8    full amount of wages earned during each pay period during the applicable limitations period,

9    including overtime wages.

10        84.    Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiffs, on

11    behalf of themselves and **Hourly Employee Class** members, seek to recover unpaid straight time

12    and overtime wages, interest thereon, and costs of suit.

13        85.    The regular rate of pay under California law includes all remuneration for

14    employment paid, on behalf of the employer, to the employee. This requirement includes but is not

15    limited to, commissions, and/or non-discretionary bonuses, and/or gift cards and/or cash payments

16    based on sales numbers, etc.

17        86.    During the applicable limitations period, Defendants violated the rights of Plaintiffs

18    and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing

19    to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194

20    and 1198 by not correctly calculating their regular rate of pay to include all applicable

21    remuneration, including but not limited to, commissions, and/or non-discretionary bonuses, and/or

22    gift cards and/or cash payments based on sales numbers, etc.

23        87.    California law uses the terms "compensation" and "pay" interchangeably and

24    requires that all applicable remuneration, including but not limited to, commissions, and/or non-

25    discretionary bonuses, and/or gift cards and/or cash payments based on sales numbers, etc., be

26    included when calculating an employee's regular rate of pay.

27        88.    At all relevant times, Defendants paid Plaintiffs premium wages based on a rate of

28    compensation that did not reflect, among other things, commissions, and/or non-discretionary

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1  bonuses, and/or gift cards and/or cash payments based on sales numbers, etc. as required by Labor

2  Code § 226.7(b) and §§ 11 and 12 of the applicable Wage Order on the occasions when Defendants

3  paid her premium wages in lieu of meal and/or rest periods.

4       89.    Plaintiffs are informed and believes, and thereupon alleges, that, at all relevant times

5  during the applicable limitations period, Defendants maintained a policy or practice of paying

6  **Hourly Employee Class** members premium wages based on rates of compensation that have not

7  reflected commissions, and/or non-discretionary bonuses, and/or gift cards and/or cash payments

8  based on sales numbers, etc. as required by Labor Code § 226.7(b) and §§ 11 and 12 of the

9  applicable Wage Order on the occasions when Defendants paid them premium wages in lieu of

10  meal and/or rest periods.

11       90.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial

12  benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Hourly**

13  **Employee Class** members, seek to recover reasonable attorneys' fees.

14                          **FOURTH CAUSE OF ACTION**

15                          **FAILURE TO INDEMNIFY**

16                          **(Lab. Code § 2802)**

17              **(Plaintiffs and Expense Reimbursement Class)**

18       91.    Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

19       92.    Labor Code section 2802(a) states:

20       An employer shall indemnify his or her employee for all necessary expenditures or
         losses incurred by the employee in direct consequence of the discharge of his or her
21       duties, or of his or her obedience to the directions of the employer, even though
         unlawful, unless the employee, at the time of obeying the directions, believed them to
22       be unlawful.

23       93.    At all relevant times during the applicable limitations period, Plaintiffs and the

24  **Expense Reimbursement Class** members incurred necessary business-related expenses and costs,

25  including but not limited to, requiring Plaintiffs and the aggrieved employees to purchase their

26  black polo shirt from Defendants and purchase a phone application used to check their schedules.

27  Additionally, Plaintiffs and the aggrieved employees were required to transport goods on occasion

28  in their personal vehicles without reimbursement.

94.     Plaintiffs are informed and believe and thereupon allege that the reimbursement paid by Defendants was insufficient to indemnify Plaintiffs for all necessary expenses incurred in the discharge of their duties.

95.     Plaintiffs are informed and believes and thereupon allege that the reimbursement paid by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all necessary business expenses incurred in the discharge of their duties.

96.     Pursuant to Labor Code § 452, an employer is authorized to prescribe the weight, color, quality, texture, style, form, and make of uniforms required to be worn by their employees.

97.     Section 9 of the applicable Wage Order states:

When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color.

98.     At all relevant times during the applicable limitations period, Defendants required Plaintiffs and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiffs and **Expense Reimbursement Class** members for all such expenditures.

99.     At all relevant times during the applicable limitations period, Defendants required Plaintiffs and **Expense Reimbursement Class** members to purchase and maintain uniforms and apparel unique to Defendants at Plaintiffs' and **Expense Reimbursement Class** members' expense. Defendants failed to indemnify Plaintiffs and **Expense Reimbursement Class** members for all such expenditures.

100.    Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiffs and **Expense Reimbursement Class** members for all necessary business expenses.

101.    Accordingly, Plaintiffs and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing within four years of the date of the filing of the original Complaint and until the date of entry of judgment.

102.    Plaintiffs, on behalf of themselves, and **Expense Reimbursement Class** members,

1    seek interest thereon and costs pursuant to Labor Code § 218.6 and reasonable attorneys' fees

2    pursuant to Code of Civil Procedure § 1021.5.

3                                **FIFTH CAUSE OF ACTION**

4        **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

5                                    **(Lab. Code § 226)**

6                    **(Plaintiffs and Wage Statement Penalties Sub-Class)**

7        103.    Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

8        104.    Labor Code § 226(a) states:

9        An employer, semimonthly or at the time of each payment of wages, shall furnish to
         his or her employee, either as a detachable part of the check, draft, or voucher paying
10       the employee's wages, or separately if wages are paid by personal check or cash, an
         accurate itemized statement in writing showing (1) gross wages earned, (2) total hours
11       worked by the employee, except as provided in subdivision (j), (3) the number of
         piece-rate units earned and any applicable piece rate if the employee is paid on a piece-
12       rate basis, (4) all deductions, provided that all deductions made on written orders of
         the employee may be aggregated and shown as one item, (5) net wages earned, (6) the
13       inclusive dates of the period for which the employee is paid, (7) the name of the
         employee and only the last four digits of his or her social security number or an
14       employee identification number other than a social security number, (8) the name and
         address of the legal entity that is the employer and, if the employer is a farm labor
15       contractor, as defined in subdivision (b) of Section 1682, the name and address of the
         legal entity that secured the services of the employer, and (9) all applicable hourly
16       rates in effect during the pay period and the corresponding number of hours worked
         at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a
17       temporary services employer as defined in Section 201.3, the rate of pay and the total
         hours worked for each temporary services assignment.  The deductions made from
18       payment of wages shall be recorded in ink or other indelible form, properly dated,
         showing the month, day, and year, and a copy of the statement and the record of the
19       deductions shall be kept on file by the employer for at least three years at the place of
         employment or at a central location within the State of California.  For purposes of
20       this subdivision, 'copy' includes a duplicate of the itemized statement provided to an
         employee or a computer-generated record that accurately shows all of the information
21       required by this subdivision.

22       105.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize

23   the "detachable part of the check" provision and the "accurate itemized statement in writing"

24   provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each

25   employee retains the right to elect to receive a written paper stub or record and that those who are

26   provided with electronic wage statements retain the ability to easily access the information and

27   convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion

28   Letter July 6, 2006.)

106.    Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

107.    Plaintiffs are informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants had the ability to provide them with accurate wage statements but had intentionally provided them with written wage statements that Defendants knew do not comply with Labor Code § 226(a).

108.    Plaintiffs and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated Plaintiffs' and **Wage Statement Penalties Sub-Class** members' legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

109.    Pursuant to Labor Code § 226(e), Plaintiffs, on behalf of themselves and **Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or fifty dollars ($50.00) for the initial pay period in which a violation of Labor Code section 226(a) occurred and one hundred dollars ($100.00) for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of four thousand dollars ($4,000.00) per class member.

110.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Wage Statement Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

///

///

///

**SIXTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY ALL FINAL WAGES**

**(Lab. Code §§ 201–203)**

**(Plaintiffs and Waiting Time Penalties Sub-Class)**

111.    Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

112.    At all relevant times, Plaintiffs and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

113.    At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

114.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages at the time of resignation.

115.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours' of giving notice of resignation.

116.    During the applicable limitations period, Defendants failed to pay Plaintiffs all of their final wages in accordance with the Labor Code by failing to timely pay them all of her final wages.

117.    Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

118.    Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code §§ 201 or 202 by failing to timely pay them all final wages.

119.    Plaintiffs are informed and believe and thereupon alleges that Defendants' failure to timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been

20

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1  willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201

2  and/or 202 but have intentionally adopted policies or practices that are incompatible with those

3  requirements.

4       120.    Pursuant to Labor Code §§ 203 and 218.6, Plaintiffs, on behalf of themselves and

5  **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the respective dates

6  that their final wages had first become due until paid, up to a maximum of thirty days, and interest

7  thereon.

8       121.    Pursuant to Labor Code § 226, Code of Civil Procedure § 1021.5, the substantial

9  benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Waiting**

10  **Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

11                         **SEVENTH CAUSE OF ACTION**

12                              **UNFAIR COMPETITION**

13                    **(Bus. & Prof. Code §§ 17200 *et seq.*)**

14                        **(Plaintiffs and UCL Class)**

15       122.    Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

16       123.    Business and Professions Code § 17200 defines "unfair competition" to include any

17  unlawful business practice.

18       124.    Business and Professions Code §§ 17203–17204 allow a person who has lost money

19  or property as a result of unfair competition to bring a class action to recover money or property that

20  may have been acquired from similarly situated persons by means of unfair competition.

21       125.    California law requires employers to pay hourly, non-exempt employees for all hours

22  they are permitted or suffered to work, including hours that the employer knows or reasonably

23  should know that employees have worked.

24       126.    Plaintiffs, on behalf of themselves and the **UCL Class** members, re-alleges and

25  incorporates the FIRST, SECOND, THIRD, and FOURTH causes of action herein.

26       127.    Plaintiffs lost money and/or property as a result of the aforementioned unfair

27  competition.

28       128.    Defendants have or may have acquired money by means of unfair competition.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1      129.    Plaintiffs are informed and believes and thereupon allege that, by committing the

2   Labor Code violations described in this Complaint, Defendants violated Labor Code §§ 215, 216,

3   225, 226.6, 354, 408, 553, 1175, 1199 and 2802. Defendants thus committed misdemeanors by

4   violating the Labor Code as alleged herein.

5      130.    Defendants have committed criminal conduct through their policies and practices of,

6   *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-

7   exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

8   work period of five or more hours, by failing to pay non-exempt employees for all hours worked,

9   and by failing to reimburse them for all expenses.

10     131.    At all relevant times, Plaintiffs and **UCL Class** members have been non-exempt

11  employees and entitled to the full protections of both the Labor Code and the applicable Wage

12  Order.

13     132.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

14  constitutes unfair competition within the meaning of Business and Professions Code section 17200

15  *et sequitur*. Business and Professions Code §§ 17200 *et sequitur* protect against unfair competition

16  and allow a person who has suffered an injury-in-fact and has lost money or property as a result of

17  an unfair, unlawful, or fraudulent business practice to seek restitution on behalf of themselves and

18  on behalf of similarly situated persons in a class-action proceeding.

19     133.    As a result of Defendants' violations of the Labor Code during the applicable

20  limitations period, Plaintiffs have suffered an injury-in-fact and has lost money or property in the

21  form of earned wages.  Specifically, Plaintiffs have lost money or property as a result of

22  Defendants' conduct.

23     134.    Plaintiffs are informed and believe that other similarly situated persons have been

24  subject to the same unlawful policies or practices of Defendants.

25     135.    Due to the unfair and unlawful business practices in violation of the Labor Code,

26  Defendants have gained a competitive advantage over other comparable companies doing business

27  in the State of California that comply with their legal obligations.

28     136.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

1  relief for "any unlawful, unfair or fraudulent business act or practice," including a practice or act

2  that violates, or is considered unlawful under, any other state or federal law.

3       137.    Accordingly, pursuant to Business & Professions Code §§ 17200 and 17203,

4  Plaintiffs request the issuance of temporary, preliminary, and permanent injunctive relief enjoining

5  Defendants, and each of them, and their agents and employees, from further violations of the Labor

6  Code and applicable Industrial Welfare Commission Wage Orders, and upon a final hearing, an

7  order permanently enjoining Defendants, and each of them, and their respective agents and

8  employees, from further violations of the Labor Code and applicable Industrial Welfare

9  Commission Wage Orders.

10       138.    Pursuant to Business and Professions Code § 17203, Plaintiffs, on behalf of

11  themselves and **UCL Class** members, seeks declaratory relief and restitution of all monies

12  rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its

13  unlawful and unfair business practices.

14       139.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or

15  the common fund doctrine, Plaintiffs and **UCL Class** members are entitled to recover reasonable

16  attorneys' fees in connection with their unfair competition claims.

17  **EIGHTH CAUSE OF ACTION**

18  **CIVIL PENALTIES**

19  **(Lab. Code §§ 2698 *et seq.*)**

20       140.    Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

21       141.    During the applicable limitations period, Defendants have violated Labor Code §§

22  201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1198, and 2802.

23       142.    Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of

24  herself and other current and former employees, to bring a representative civil action to recover

25  civil penalties pursuant to the procedures set forth in Labor Code § 2699.3 that may, but need not,

26  be brought or maintained as a class action.

27       143.    Plaintiffs, former employees against whom Defendants committed one or more of

28  the alleged Labor Code violations during the applicable limitations period, are aggrieved employees

1  within the meaning of Labor Code § 2699(c).

2         144.    Plaintiff HALE complied with the procedures for bringing suit specified in Labor

3  Code § 2699.3. Notice was provided to the California Labor & Workforce Development Agency

4  ("LWDA") and 65 days have elapsed without the LWDA providing Plaintiffs with any notice of an

5  intent to investigate.

6         145.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiffs seek the following civil

7  penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510,

8  512, 1194, 1197, 1198 and 2802:

9              i.     For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 1194, 1198 and

10                    2802, one hundred dollars ($100) for each employee per pay period for each

11                    initial violation and two hundred dollars ($200) for each employee per pay

12                    period for each subsequent violation (penalties set by Labor Code §

13                    2699(f)(2));

14             ii.    For violations of Labor Code § 203, a penalty in an amount not exceeding

15                    thirty (30) days' pay as waiting time (penalties set by Labor Code § 256);

16             iii.   For violations of Labor Code § 204, one hundred dollars ($100) for each

17                    employee for each initial violation that was neither willful nor intentional,

18                    two hundred dollars ($200) for each employee, plus 25% of the amount

19                    unlawfully withheld from each employee, for each initial violation that was

20                    either willful or intentional, and two hundred dollars ($200) for each

21                    employee, plus twenty-five percent (25%) of the amount unlawfully withheld

22                    from each employee, for each subsequent violation, regardless of whether the

23                    subsequent violation was either willful or intentional (penalties set by Labor

24                    Code § 210);

25             iv.    For violations of Labor Code § 223, one hundred dollars ($100) for each

26                    employee for each initial violation that was neither willful nor intentional,

27                    two hundred dollars ($200) for each employee, plus twenty-five percent

28                    (25%) of the amount unlawfully withheld from each employee, for each

24

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1        initial violation that was either willful or intentional, and two hundred dollars

2        ($200) for each employee, plus twenty-five percent (25%) of the amount

3        unlawfully withheld from each employee, for each subsequent violation,

4        regardless of whether the subsequent violation was either willful or

5        intentional (penalties set by Labor Code § 225.5);

6      v.     For violations of Labor Code § 226(a), if this action is deemed to be an initial

7        citation, two hundred and fifty dollars ($250) for each employee for each

8        violation. Alternatively, if an initial citation or its equivalent occurred before

9        the filing of this action, one thousand dollars ($1,000) for each employee for

10       each violation (penalties set by Labor Code § 226.3);

11     vi.    For violation of Labor Code §§ 510 and 512, fifty dollars ($50) for each

12       employee for each initial pay period for which the employee was underpaid,

13       and one hundred dollars ($100) for each employee for each subsequent pay

14       period for which the employee was underpaid (penalties set by Labor Code §

15       558);

16    vii.    For violations of Labor Code § 1197, one hundred dollars ($100) for each

17       aggrieved employee for each initial violation of Labor Code § 1197 that was

18       intentional and two hundred and fifty dollars ($250) for each aggrieved

19       employee per pay period for each subsequent violation of Labor Code §

20       1197, regardless of whether the initial violation was intentional (penalties set

21       by Labor Code § 1197.1);

22   viii.    Pursuant to Labor Code § 2699(g), Plaintiffs seek an award of reasonable

23       attorneys' fees and costs in connection with Plaintiffs' claims for civil

24       penalties.

25                      **PRAYER FOR RELIEF**

26      WHEREFORE, Plaintiffs, on behalf of themselves all others similarly situated, and the

27 general public, prays for relief and judgment against Defendants as follows:

28      (1)     An order that the action be certified as a class action;

|   |      |                                                                          |
|---|------|--------------------------------------------------------------------------|
| 1 | (2)  | An order that Plaintiffs be appointed class representatives;             |
| 2 | (3)  | An order that counsel for Plaintiffs be appointed class counsel;         |
| 3 | (4)  | Unpaid wages;                                                            |
| 4 | (5)  | Actual damages;                                                          |
| 5 | (6)  | Liquidated damages;                                                      |
| 6 | (7)  | Restitution;                                                            |
| 7 | (8)  | Declaratory relief;                                                      |
| 8 | (9)  | Pre-judgment interest;                                                   |
| 9 | (10) | Statutory penalties;                                                     |
| 10| (11) | Civil penalties;                                                         |
| 11| (12) | Costs of suit;                                                           |
| 12| (13) | Reasonable attorneys' fees; and                                          |
| 13| (14) | Such other relief as the Court deems just and proper.                    |

### DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves all other similarly situated, and the general public, hereby demand a jury trial on all issues so triable.

Dated: January 18, 2023                    SETAREH LAW GROUP

SHAUN SETAREH
DAVID KELEDJIAN
DAVID ARAKELYAN
Attorneys for Plaintiffs
AMANDA HALE and
DANIELLE BREWER

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT