Kevin D. Reese (State Bar No. 172992)
Marina I. Garcia (State Bar No. 320507)
Robert Yang (State Bar No. 312964)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Kevin.Reese@jacksonlewis.com
E-mail: Marina.Garcia@jacksonlewis.com
E-mail: Rob.Yang@jacksonlewis.com

Attorneys for Defendants
BRINKER INTERNATIONAL, INC.,
BRINKER INTERNATIONAL PAYROLL
COMPANY, L.P., and BRINKER
RESTAURANT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HALE, on behalf of herself and all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BRINKER INTERNATIONAL, INC., a Delaware corporation; BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., a Delaware limited partnership; BRINKER RESTAURANT CORPORATION, a Virginia corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:21-cv-09978-VC-LJC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>Complaint Filed: 11/18/2021<br>Removal Filed: 12/23/2021<br>Trial Date: None set. |

Defendants BRINKER INTERNATIONAL, INC., BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., and BRINKER RESTAURANT CORPORATION ("Defendants") hereby answer the Second Amended Class and Representative Action Complaint ("SAC") filed by Plaintiffs AMANDA HALE, DANIELLE BREWER, and JESUS GOMEZ ("Plaintiffs") as follows:

///

1

Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint                                    Case No. 3:21-cv-09978-VC-LJC

# ANSWER TO COMPLAINT

## AS TO INTRODUCTION

1. The allegations contained in Paragraph 1 are legal conclusions to which no answer is required. To the extent that a response is required, Defendants admit that Plaintiffs seek to bring this action under the statutes, regulations and wage orders listed and that Plaintiffs challenge Defendants' respective policies. Except as expressly admitted herein, Defendants deny, generally and specifically, each and every remaining allegation in Paragraph 1.

## AS TO JURISDICTION AND VENUE

2. Answering Paragraph 2 of the SAC, Defendants admit they manage their businesses in California. Except as admitted, Defendant denies each and every allegation contained therein.

## AS TO PARTIES

3. Answering Paragraph 3 of the SAC, Defendants are without any knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and on basis deny those allegations.

4. Answering Paragraph 4 of the SAC, Defendants are without any knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and on basis deny those allegations.

5. Answering Paragraph 5 of the SAC, Defendants are without any knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and on basis deny those allegations.

6. Answering Paragraph 6 of the SAC, Defendant BRINKER INTERNATIONAL, INC. admits the allegations therein. Except as admitted, Defendant denies each and every allegation contained therein.

7. Answering Paragraph 7 of the SAC, Defendant BRINKER INTERNATIONAL PAYROLL COMPANY, L.P. admits that it manages its business in California. Except as admitted, Defendant denies each and every allegation contained therein.

8. Answering Paragraph 8 of the SAC, Defendant BRINKER RESTAURANT CORPORATION admits that it manages its business in California. Except as admitted, Defendant

2

Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint            Case No. 3:21-cv-09978-VC-LJC

denies each and every allegation contained therein.

9. Answering Paragraph 9 of the SAC, Defendants lack information to form a belief as to the existence of Doe Defendants. Defendants, therefore, deny the allegations therein.

10. Answering Paragraph 10 of the SAC, Defendants deny the allegations therein.

## AS TO CLASS ALLEGATIONS

11. Answering Paragraph 11 of the SAC, Defendants deny the allegations therein.

12. Answering Paragraph 12 of the SAC, Defendants admit that Plaintiffs have brought a putative class action against Defendants, and that Plaintiffs seek to represent themselves and other similarly situated individuals who have worked for Defendants in California from four years prior to the filing of the complaint. Except as expressly admitted herein, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph (including all sub-parts), including any certifiable class exists and that the requirements for class certification that apply in this Court have been or could be met.

13. Answering Paragraph 13 of the SAC, Defendants deny that Plaintiffs can amend their claims as a matter of right, and accordingly deny the allegations therein.

14. Answering Paragraph 14 of the SAC, Defendants deny the allegations therein, including that any certifiable class exists and that the requirements for class certification that apply in this Court have been or could be met.

15. Answering Paragraph 15 of the SAC, Defendants deny the allegations therein (including sub-parts i-xiii), including that any certifiable class exists and that the requirements for class certification that apply in this Court have been or could be met.

16. Answering Paragraph 16 of the SAC, Defendants deny the allegations therein, including that any certifiable class exists and that the requirements for class certification that apply in this Court have been or could be met.

17. Answering Paragraph 17 of the SAC, Defendants deny the allegations therein, including that any certifiable class exists and that the requirements for class certification that apply in this Court have been or could be met.

18. Answering Paragraph 18 of the SAC, Defendants deny the allegations therein,

3

Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint                                    Case No. 3:21-cv-09978-VC-LJC

including that any certifiable class exists and that the requirements for class certification that apply in this Court have been or could be met.

19. Answering Paragraph 19 of the SAC, Defendants deny the allegations therein, including that any certifiable class exists and that the requirements for class certification that apply in this Court have been or could be met.

**AS TO GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20. Answering Paragraph 20 of the SAC, Defendants deny the allegations therein.

**As to Late, and/or Shortened Meal Periods**

21. Answering Paragraph 21 of the SAC, Defendants deny the allegations therein.
22. Answering Paragraph 22 of the SAC, Defendants deny the allegations therein.
23. Answering Paragraph 23 of the SAC, Defendants deny the allegations therein.

**As to Missed Rest Breaks**

24. Answering Paragraph 24 of the SAC, Defendants deny the allegations therein.
25. Answering Paragraph 25 of the SAC, Defendants deny the allegations therein.
26. Answering Paragraph 26 of the SAC, Defendants deny the allegations therein.

**As to Off-the-Clock Work**

27. Answering Paragraph 27 of the SAC, Defendants deny the allegations therein.
28. Answering Paragraph 28 of the SAC, Defendants deny the allegations therein.
29. Answering Paragraph 29 of the SAC, Defendants deny the allegations therein.
30. Answering Paragraph 30 of the SAC, Defendants deny the allegations therein.

**As to Regular Rate of Pay**

31. Answering Paragraph 31 of the SAC, Defendants deny the allegations therein.
32. Answering Paragraph 32 of the SAC, Defendants deny the allegations therein.
33. Answering Paragraph 33 of the SAC, Defendants deny the allegations therein.
34. Answering Paragraph 34 of the SAC, Defendants deny the allegations therein.

**As to Expense Reimbursement**

35. Answering Paragraph 35 of the SAC, Defendants deny the allegations therein.
36. Answering Paragraph 36 of the SAC, Defendants deny the allegations therein.

4

Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint                                Case No. 3:21-cv-09978-VC-LJC

**As to Wage Statements**

37. Answering Paragraph 37 of the SAC, Defendants deny the allegations therein.

38. Answering Paragraph 38 of the SAC, Defendants deny the allegations therein.

39. Answering Paragraph 39 of the SAC, Defendants deny the allegations therein.

40. Answering Paragraph 40 of the SAC, Defendants deny the allegations therein.

41. Answering Paragraph 41 of the SAC, Defendants deny the allegations therein.

42. Answering Paragraph 42 of the SAC, Defendants deny the allegations therein.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

43. Defendants incorporate their responses to Paragraphs 1-42 in responses to Paragraph 43 of the SAC.

44. Answering Paragraph 44 of the SAC, Defendants deny the allegations therein.

45. Paragraph 45 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

46. Paragraph 46 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

47. Paragraph 47 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

48. Paragraph 48 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

49. Paragraph 49 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

50. Answering Paragraph 50 of the SAC, Defendants lacks information sufficient to

5

Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint                              Case No. 3:21-cv-09978-VC-LJC

form belief or truth or falsity of the allegations therein, and accordingly deny those allegations.

51. Answering Paragraph 51 of the SAC, Defendants deny the allegations therein.

52. Answering Paragraph 52 of the SAC, Defendants deny the allegations therein.

53. Answering Paragraph 53 of the SAC, Defendants deny the allegations therein.

54. Answering Paragraph 54 of the SAC, Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained herein, and accordingly deny those allegations.

55. Answering Paragraph 55 of the SAC, Defendants recognize that Plaintiffs seek a recovery of premium pay in this civil action as described in Paragraph 54 of the SAC but deny that Plaintiffs are entitled to relief.

56. Answering Paragraph 56 of the SAC, Defendants recognize that Plaintiffs seek a recovery of premium pay in this civil action as described in Paragraph 55 of the SAC but deny that Plaintiffs are entitled to relief.

## AS TO SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

57. Defendants incorporate their responses to Paragraphs 1-56 in responses to Paragraph 57 of the SAC.

58. Answering Paragraph 58 of the SAC, Defendants deny the allegations therein.

59. Paragraph 59 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

60. Paragraph 60 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

61. Paragraph 61 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

62. Paragraph 62 purports to be a summary of statutory and regulatory provisions, but

6

Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint                                                        Case No. 3:21-cv-09978-VC-LJC

Defendants deny that the summary comprehensively describes the application of those statutory provisions.

63. Answering Paragraph 63 of the SAC, Defendants deny the allegations therein.

64. Answering Paragraph 64 of the SAC, Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained herein, and accordingly deny those allegations.

65. Answering Paragraph 65 of the SAC, Defendants deny the allegations therein.

66. Answering Paragraph 66 of the SAC, Defendants recognize that Plaintiffs seek a recovery of premium pay in this civil action as described in Paragraph 65 of the SAC but deny that Plaintiffs are entitled to relief.

67. Answering Paragraph 67 of the SAC, Defendants recognize that Plaintiffs seek a recovery of premium pay in this civil action as described in Paragraph 66 of the SAC but deny that Plaintiffs are entitled to relief.

## AS TO THIRD CAUSE OF ACTION

## FAILURE TO PAY HOURLY AND OVERTIME WAGES

68. Defendants incorporate their responses to Paragraphs 1-67 in responses to Paragraph 68 of the SAC.

69. Answering Paragraph 69 of the SAC, Defendants deny the allegations therein.

70. Paragraph 70 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

71. Paragraph 71 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

72. Paragraph 72 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

73. Paragraph 73 purports to be a summary of statutory and regulatory provisions, but

7

Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint                                    Case No. 3:21-cv-09978-VC-LJC

Defendants deny that the summary comprehensively describes the application of those statutory provisions.

74. Paragraph 74 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

75. Paragraph 75 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

76. Paragraph 76 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

77. Paragraph 77 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

78. Paragraph 78 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

79. Paragraph 79 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

80. Paragraph 80 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

81. Answering Paragraph 81 of the SAC, Defendants deny the allegations therein.

82. Answering Paragraph 82 of the SAC, Defendants deny the allegations therein.

83. Answering Paragraph 83 of the SAC, Defendants deny the allegations therein.

84. Answering Paragraph 84 of the SAC, Defendants deny the allegations therein.

85. Answering Paragraph 85, Defendants recognize that Plaintiffs seek a recovery of

8

Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint                           Case No. 3:21-cv-09978-VC-LJC

premium pay in this civil action as described but deny that Plaintiffs are entitled to relief.

86. Paragraph 86 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

87. Answering Paragraph 87 of the SAC, Defendants deny the allegations therein.

88. Paragraph 88 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

89. Answering Paragraph 89 of the SAC, Defendants deny the allegations therein.

90. Answering Paragraph 90 of the SAC, Defendants deny the allegations therein.

91. Answering Paragraph 91 of the SAC, Defendants recognize that Plaintiffs seek a recovery of premium pay in this civil action as described in Paragraph 91 of the SAC but deny that Plaintiffs are entitled to relief.

## AS TO FOURTH CAUSE OF ACTION
## FAILURE TO INDEMNIFY

92. Defendants incorporate their responses to Paragraphs 1-91 in responses to Paragraph 92 of the SAC.

93. Paragraph 93 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

94. Answering Paragraph 94 of the SAC, Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained herein, and accordingly deny those allegations.

95. Answering Paragraph 95 of the SAC, Defendants deny the allegations therein.

96. Answering Paragraph 96 of the SAC, Defendants deny the allegations therein.

97. Paragraph 97 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

9

Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint                                    Case No. 3:21-cv-09978-VC-LJC

98. Paragraph 98 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

99. Answering Paragraph 99 of the SAC, Defendants deny the allegations therein.

100. Answering Paragraph 100 of the SAC, Defendants deny the allegations therein.

101. Answering Paragraph 101 of the SAC, Defendants deny the allegations therein.

102. Answering Paragraph 102 of the SAC, Defendants deny the allegations therein.

103. Answering Paragraph 103 of the SAC, Defendants recognize that Plaintiffs seek a recovery of premium pay in this civil action as described in Paragraph 103 of the SAC but deny that Plaintiffs are entitled to relief.

## AS TO FIFTH CAUSE OF ACTION

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

104. Defendants incorporate their responses to Paragraphs 1-103 in response to Paragraph 104 of the SAC.

105. Paragraph 105 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

106. Paragraph 106 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

107. Answering Paragraph 107 of the SAC, Defendants do not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and accordingly deny those allegations.

108. Answering Paragraph 108 of the SAC, Defendants do not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and accordingly deny those allegations.

109. Answering Paragraph 109 of the SAC, Defendants deny the allegations therein.

110. Answering Paragraph 110 of the SAC, Defendants recognize that Plaintiffs seek a

10

Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint                    Case No. 3:21-cv-09978-VC-LJC

1  recovery of premium pay in this civil action as described in Paragraph 110 of the SAC but deny
2  that Plaintiffs are entitled to relief.

3        111.   Answering Paragraph 111 of the SAC, Defendants recognize that Plaintiffs seek a
4  recovery of premium pay in this civil action as described in Paragraph 111 of the SAC but deny
5  that Plaintiffs are entitled to relief.

## AS TO SIXTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL FINAL WAGES

8        112.   Defendants incorporate their responses to Paragraphs 1-111 in response to
9  Paragraph 112 of the SAC.

10        113.   Answering Paragraph 113 of the SAC, Defendants deny the allegations therein
11  including but not limited that it employed Plaintiffs or any of the putative class members.

12        114.   Paragraph 114 purports to be a summary of statutory and regulatory provisions, but
13  Defendants deny that the summary comprehensively describes the application of those statutory
14  provisions.

15        115.   Paragraph 115 purports to be a summary of statutory and regulatory provisions, but
16  Defendants deny that the summary comprehensively describes the application of those statutory
17  provisions.

18        116.   Paragraph 116 purports to be a summary of statutory and regulatory provisions, but
19  Defendants deny that the summary comprehensively describes the application of those statutory
20  provisions.

21        117.   Answering Paragraph 117, Defendants lack information sufficient to form a belief
22  as to the truth or falsity of the allegations therein, and accordingly denies them.

23        118.   Paragraph 118 purports to be a summary of statutory and regulatory provisions, but
24  Defendants deny that the summary comprehensively describes the application of those statutory
25  provisions.

26        119.   Paragraph 119 purports to be a summary of statutory and regulatory provisions, but
27  Defendants deny that the summary comprehensively describes the application of those statutory
28  provisions.

11

Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint        Case No. 3:21-cv-09978-VC-LJC

120. Paragraph 120 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

121. Answering Paragraph 121 of the SAC, Defendants recognize that Plaintiffs seek a recovery of premium pay in this civil action as described in Paragraph 121 of the SAC but deny that Plaintiffs are entitled to relief.

122. Answering Paragraph 122 of the SAC, Defendants recognize that Plaintiffs seek a recovery of premium pay in this civil action as described in Paragraph 122 of the SAC but deny that Plaintiffs are entitled to relief.

## AS TO SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION

123. Defendants incorporate their responses to Paragraphs 1-122 in response to Paragraph 123 of the SAC.

124. Paragraph 124 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

125. Paragraph 125 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

126. Paragraph 126 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

127. Defendants incorporate its responses to the FIRST, SECOND, and THIRD causes of action therein.

128. Answering Paragraph 128 of the SAC, Defendants deny the allegations therein.

129. Answering Paragraph 129 of the SAC, Defendants deny the allegations therein.

130. Answering Paragraph 130 of the SAC, Defendants deny the allegations therein.

131. Answering Paragraph 131 of the SAC, Defendants deny the allegations therein.

12
Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint                                   Case No. 3:21-cv-09978-VC-LJC

132. Answering Paragraph 132 of the SAC, Defendants deny the allegations therein.

133. Answering Paragraph 133 of the SAC, Defendants deny the allegations therein.

134. Answering Paragraph 134 of the SAC, Defendants deny the allegations therein.

135. Answering Paragraph 135 of the SAC, Defendants deny the allegations therein.

136. Answering Paragraph 136 of the SAC, Defendants deny the allegations therein.

137. Paragraph 137 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

138. Answering Paragraph 138 of the SAC, Defendants recognize that Plaintiffs seek a recovery of premium pay in this civil action as described in Paragraph 138 of the SAC but deny that Plaintiffs are entitled to relief.

139. Answering Paragraph 139 of the SAC, Defendants recognize that Plaintiffs seek a recovery of premium pay in this civil action as described in Paragraph 139 of the SAC but deny that Plaintiffs are entitled to relief.

140. Answering Paragraph 140 of the SAC, Defendants recognize that Plaintiffs seek a recovery of premium pay in this civil action as described in Paragraph 140 of the SAC but deny that Plaintiffs are entitled to relief.

**AS TO EIGHTH CAUSE OF ACTION**

**CIVIL PENALTIES**

141. Defendants incorporate their responses to Paragraphs 1-140 in response to Paragraph 141 of the SAC.

142. Answering Paragraph 142 of the SAC, Defendants deny the allegations therein.

143. Paragraph 143 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of those statutory provisions.

144. Answering Paragraph 144 of the SAC, Defendants deny that Plaintiffs were former employees. Additionally, Paragraph 144 purports to be a summary of statutory and regulatory provisions, but Defendants deny that the summary comprehensively describes the application of

1  those statutory provisions.

2  145.  Answering Paragraph 145 of the SAC, Defendants deny the allegations therein.

3  146.  Answering Paragraph 146 of the SAC, Defendants recognize that Plaintiffs seek a recovery of premium pay in this civil action as described in Paragraph 146 of the SAC but deny that Plaintiffs are entitled to relief.

## AS TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs, on behalf of themselves or other, are entitled to any relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following additional and affirmative defenses to the allegations set forth in Plaintiffs' Complaint, without conceding that Defendants bear the burden of proof or persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint as a whole, and each and every cause of action alleged therein on behalf of Plaintiffs and the putative class, is barred, in whole or in part, by any and all applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 338(a), 340(a), California Business & Professions Code § 17208, and California Labor Code §§ 203(b) and 210, and any other administrative regulation or requirement.

## THIRD AFFIRMATIVE DEFENSE

### (Not Suffered or Permitted to Work)

The Complaint as a whole, and each and every cause of action alleged therein on behalf of Plaintiffs and the putative class, fails because Plaintiffs and the putative class were not suffered or permitted to work during any time for which they were not paid the appropriate wage rate,

including the proper minimum wage and overtime rates.

**FOURTH AFFIRMATIVE DEFENSE**

**(Not Hours Worked)**

The Complaint as a whole, and each and every cause of action alleged therein on behalf of Plaintiffs and the putative class, fails because some or all of the hours for which Plaintiffs and the putative class claim compensation are not considered hours worked under California state law. Moreover, Plaintiffs were properly paid for all hours worked.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Failure to Provide Meal and Rest Breaks)**

The Complaint as a whole, and each and every cause of action alleged therein on behalf of Plaintiffs and the putative class, is barred to the extent that Defendants have no knowledge or reason to know that Plaintiffs and the putative class were working for time for which they were not paid, or that they were not taking meal or rest periods provided to them in accordance with the law. Further, the Complaint is barred as Plaintiffs and the putative class were provided with meal and rest break opportunities in accordance with the law.

**SIXTH AFFIRMATIVE DEFENSE**

**(Wage Statements — No Knowing and Intentional Failure)**

Plaintiffs' claim under Labor Code 226 is barred because Defendants provided Plaintiffs and the putative class with code-compliant wage statements. Even assuming arguendo Plaintiffs and the putative class were not provided with a proper itemized statement of wages and deductions, a recovery of damages or penalties is not permitted because Defendants' alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(a).

**SEVENTH AFFIRMATIVE DEFENSE**

**(Wage Statements — No Injury)**

Plaintiffs' claims and the claims of the putative class for failure to provide compliant wage statements are barred in whole or in part, and recovery of damages or penalties is not permitted, because they have suffered no injury.

15

Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint                              Case No. 3:21-cv-09978-VC-LJC

## EIGHTH AFFIRMATIVE DEFENSE

### (No Willful Violation / Good Faith Dispute)

To the extent Plaintiffs and the putative class seek penalties for any alleged willful failure to comply with the requirements of the California Labor Code, including but not limited to Labor Code section § 203, such penalties are barred because Defendants did not willfully violate any provision of the California Labor Code, and good faith disputes exist concerning any alleged violation.

## NINTH AFFIRMATIVE DEFENSE

### (No Violation of Underlying State Law)

Defendants are not liable for violation of unlawful business practices pursuant to California Business and Professions Code §§ 17200, *et seq.* because they are not liable to Plaintiffs or the putative class for any alleged violation of underlying state or federal laws.

## TENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs and the putative class are not entitled to a recovery of equitable relief, including any relief requested pursuant to California Business and Professions Code §§ 17200, *et seq.* because of the existence of an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Proscribed Conduct/No "Business Practice")

Plaintiffs' claims and that of the putative class for alleged violations of California Business & Professions Code §§ 17200, *et seq.* fail because Defendants did not engage in a conduct proscribed by the California Business & Professions Code §§ 17200, *et seq.* or have not engaged in a "business practice" subject to the Act.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver and Release)

Some or all of Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by prior waiver and or release.

///

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Standing)

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing as representatives of the putative class and do not and cannot adequately represent the putative class members as to some or all claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate / Avoidable Consequences)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, to the extent Plaintiffs and members of the putative class have not appropriately nor adequately mitigated their alleged damages, if any, or taken advantage of any preventative or corrective safeguards to avoid harm. Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, or any recovery should be reduced, pursuant to the avoidable consequences doctrine, because Defendants took reasonable steps to prevent and correct alleged violations of wage-and-hour laws; Plaintiffs and putative class members unreasonably failed to use the preventative and corrective opportunities provided by Defendants; Defendants communicated those procedures to Plaintiffs and putative class members during their employment; Plaintiffs and putative class members were aware of such procedures; and reasonable use of Defendants' procedures would have been prevented at least some of the harm that Plaintiffs and putative class members allegedly suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Accord, Satisfaction and Payment)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Plaintiffs' claims and the claims of the putative class are barred under the equitable doctrines of consent, laches, waiver, estoppel, unjust enrichment, and doctrine of unclean hands.

///

///

17

Defendants' Answer to Plaintiff's Second Amended
Class and Representative Action Complaint                    Case No. 3:21-cv-09978-VC-LJC

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

Defendants are entitled to an offset for amounts Plaintiffs and the putative class members for receipt of any wages and other benefits or compensation to which they were not entitled and/or did not earn.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Record All Hours Worked)**

Plaintiffs and the claims of the putative class members for unpaid minimum wages and overtime are barred to the extent Plaintiffs and the putative class failed to work or record all time worked as reasonable expected and required by Defendants.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Liquidated Damages)**

Defendants acted reasonably and in good faith at all times, and therefore Plaintiff's claims, including without limitation any claims for liquidated damages, are barred in whole or in part.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Constitutional Defense — Individualized Inquiries)**

Class treatment is not the superior method for resolving the claims of Plaintiffs and the putative class members because Defendants' due process rights would be violated if they are not provided the opportunity to litigate their statutory defenses to individual claims and focus on individualized inquiries related to Plaintiffs and each putative class member. *See, Duran v. U.S. Bank Association* (2014) 59 Cal. 4th 1172.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Constitutional Defense - Penalties)**

Although Defendants deny that they have committed or have responsibility for any act that could support the recovery against Defendants in this lawsuit, such recovery is barred if any, to the extent any such act is found, because such recovery against Defendants is unconstitutional under numerous provisions of the United States Constitution and California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the

Fifth Amendment and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other provisions of the California Constitution.

## **RESERVATION OF RIGHTS**

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. Accordingly, the defenses asserted herein are based on Defendants' knowledge, information, and belief at this time. Therefore, Defendants specifically reserve the right to modify, amend, or supplement any defense contained herein at any time.

## **DEFENDANTS' REQUEST FOR RELIEF**

Wherefore, Defendants pray for judgment that:

a. That Plaintiffs take nothing by way of the SAC;

b. That the SAC be dismissed with prejudice and judgment entered in favor of Defendants and against Plaintiffs on all claims;

c. That Defendants be awarded their costs of suit incurred herein;

d. That Defendants be awarded attorney's fees pursuant to statute and/or contract, and;

e. The Court award Defendants such other and further relief as it deems just and proper.

Dated: August 22, 2023

JACKSON LEWIS P.C.

By: _____
Kevin D. Reese
Marina I. Garcia
Robert Yang
Attorneys for Defendants
BRINKER INTERNATIONAL, INC.,
BRINKER INTERNATIONAL PAYROLL
COMPANY, L.P., and BRINKER
RESTAURANT CORPORATION