UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HALE,<br><br>        Plaintiff,<br><br>    v.<br><br>BRINKER INTERNATIONAL, INC., et al.,<br><br>        Defendants. | Case No. 21-cv-09978-VC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND GRANTING IN PART MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Re: Dkt. No. 53 |

    The motion to compel arbitration is granted. The motion to strike the class allegations from the operative complaint is granted in part.

    Brinker has proven by a preponderance of the evidence that Brewer signed an arbitration agreement. On the one hand, Brewer says she does not recall ever signing an arbitration agreement. Dkt. No. 56-1 at 2. On the other, Brinker has attached a copy of the agreement bearing Brewer's electronic signature and a declaration from a company human resources official explaining that employee access to on-boarding documents is keyed to their own unique username and password. *See* Dkt. No. 55 at 6–9; Dkt. No. 57-1. On this record, it is more likely than not that Brewer signed the arbitration agreement. *See Klink v. ABC Phones of North Carolina, Inc.*, 2021 WL 3709167, at *4 (N.D. Cal. Aug. 20, 2021); *cf. Federal Election Commission v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002).

    Brewer is dismissed from this lawsuit. She has not argued that she should remain in the case to pursue her non-individual PAGA claims—nor does it appear that she would have Article III standing to do so. Because she must submit her individual claim to arbitration, Brewer has no

injury that this Court can redress. She cannot manufacture standing by relying on the redressable injuries of third parties. *See Magadia v. Wal-Mart Associates, Inc.*, 999 F.3d 668, 673–78 (9th Cir. 2021).

The remaining named plaintiffs—Hale and Gomez—are not compelled to arbitrate their claims, so they couldn't fairly and adequately represent the interests of class members who possibly are. *See Farr v. Acima Credit LLC*, 2021 WL 2826709, at *7 (N.D. Cal. July 7, 2021). But some of the putative class members signed the same unconscionable arbitration agreement as Hale and Gomez. For these members, Hale and Gomez remain potentially viable class representatives. So if a class is certified, it will be limited to this subset of employees.

**IT IS SO ORDERED.**

Dated: August 29, 2023

_____
VINCE CHHABRIA
United States District Judge