UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HALE, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>BRINKER INTERNATIONAL, INC., et al.,<br><br>   Defendants. | Case No. 21-cv-09978-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 136 |

  The motion to dismiss is denied because it is plausible (indeed, highly likely) that Gomez's failure to include his claims from this case in his initial petition for bankruptcy was due to inadvertence or mistake. *See Ah Quin v. County of Kauai Department of Transportation*, 733 F.3d 267, 278 (9th Cir. 2013). Gomez did not try to hide his bankruptcy: in his deposition, he informed the defendants that he had filed for bankruptcy. The defendants point out that Gomez's failure to include the claims in his bankruptcy petition was brought up in the class certification motion. *See* Dkt. No. 94. But the lack of a motion to reopen at that time does not make it implausible that the omission in the bankruptcy petition was inadvertent or a mistake because the issue at that point was presented in the context of whether Gomez would be a typical class representative, and, as Gomez's counsel in this action states, Gomez's duty to reopen his petition was never explained to him by his counsel. Gomez also submitted a declaration that English is his second language, and that, when filing his bankruptcy petition, he didn't realize that he had to declare his claim against Brinker because he "did not understand that a pending claim with no fixed value was considered an asset." Dkt. No. 138-3 at ¶ 3. So this is not a case in which the

plaintiff "presented no evidence, by affidavit or otherwise, explaining [his] initial failure to include the action on [his] bankruptcy schedules." *Dzakula v. McHugh*, 746 F.3d 399, 401 (9th Cir. 2014). In light of the fact that Gomez has now sought to reopen his petition to add his claims and that the other evidence submitted could support a finding of inadvertence or mistake, there is no basis for ruling out the notion that Gomez's omission of his claim was the result of inadvertence or mistake.

At this point, the Court is unable to decide the question of standing. If the petition is reopened, then Gomez would no longer have prudential standing, but he could move to amend to add in the trustee, who would become the real party in interest. Depending on how the trustee decides to treat the claims, Gomez may become the real party in interest again. *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004).

Gomez is ordered to provide a status report of the status of his bankruptcy proceedings 21 days from the date of this order. Depending on the status of the bankruptcy proceedings, the Court may refer this matter to the bankruptcy court to determine whether the trustee wishes to abandon or assert the claim on the behalf of the estate. *See Walton v. Allstate Insurance Co.*, 222 F. App'x 544, 544 (9th Cir. 2007).

**IT IS SO ORDERED.**

Dated: June 25, 2025

VINCE CHHABRIA
United States District Judge