1  Kevin D. Reese (State Bar No. 172992)
   Andrew J. Mailhot (State Bar No. 238956)
2  Geoffrey R. Pittman (State Bar No. 253876)
   JACKSON LEWIS P.C.
3  50 California Street, 9th Floor
   San Francisco, California 94111-4615
4  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
5  E-mail: Kevin.Reese@jacksonlewis.com
   E-mail: Andrew.Mailhot@jacksonlewis.com
6  E-mail: Geoffrey.Pittman@jacksonlewis.com

7
   Attorneys for Defendants
8  BRINKER INTERNATIONAL, INC., BRINKER
   INTERNATIONAL PAYROLL COMPANY, L.P.,
9  and BRINKER RESTAURANT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HALE and JESUS GOMEZ, on behalf of themselves and all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BRINKER INTERNATIONAL, INC., a Delaware corporation; BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., a Delaware limited partnership; BRINKER RESTAURANT CORPORATION, a Virginia corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:21-cv-09978-VC<br><br>**OPPOSITION TO REQUEST FOR ORDER AUTHORIZING NOTICE TO FORMER PUTATIVE CLASS MEMBERS REGARDING EXPIRATION OF TOLLING AND STATUTE OF LIMITATIONS**<br><br>Complaint Filed:  11/18/2021<br>Removal Filed:  12/23/2021<br>Trial Date:  12/8/2025 |

Defendants Brinker International, Inc., Brinker International Payroll Company, L.P., and Brinker Restaurant Corporation (collectively "Defendants") submit the instant Opposition to Plaintiffs Request for an Order Authorizing Notice to the Former Putative Class Members regarding Expiration of Tolling and the Statute of Limitations. (*See* Doc. No. 142) ("Plaintiffs' Request"). In addition to being procedurally defective, Plaintiffs' Request is neither required nor justified under the circumstances. Rule 23(e), relied upon by Plaintiffs as justification for their proposed notice, is inapplicable where, as here, no class has been certified, and there is no pending class action settlement that would impact absent class members' rights. In addition, there is no evidence that former putative class members would suffer any prejudice absent Plaintiffs' proposed communication, as there is no evidence of any widespread knowledge by the former putative class members of this litigation, let alone any reliance by them on this litigation to protect their interests. In contrast, there is a likelihood of confusing putative class members in a separate matter filed against Defendants should this notice be sent. Finally, even if some form of notice to the former putative class members was appropriate, the tone and content of Plaintiffs' proposed notice makes clear that it is not an impartial, factual notification, but rather a targeted solicitation of additional clients for lawsuits against Defendants.

**Plaintiffs' Request is Procedurally Defective**

Because Plaintiffs have failed to follow proper procedure with respect to their Request, it must be denied as procedurally deficient. Civil Local Rule 7 Governs Motion Practice in Northern District courts. Rule 7.1 states, in relevant part:

> [a]ny written request to the Court for an order *must* be presented by one of the following means:
>
> (1) A duly noticed motion pursuant to Civil L.R. 7-2;
> (2) A motion to enlarge or shorten time pursuant to Civil L.R. 6-1;
> (3) When authorized, an ex parte motion pursuant to Civil L.R. 7-10;
> (4) When applicable, a motion for administrative relief pursuant to Civil L.R> 7-11;
> (5) A stipulation of the affected parties pursuant to Civil L.R. 7-12; or
> (6) A motion regarding an Order or Recommendation of a Magistrate Judge pursuant to Civil L.R. 72-2 or 72-3.

Civ. L.R. 7-1(a). Plaintiffs' Request is unquestionably a "written request to the Court for an order" permitting their desired communication. As such, it must be made pursuant to one of the six categories identified in Rule 7-1(a). Plaintiffs' Request does not fall within categories (2) through (6) and is likewise

not a duly noticed motion under Local Rule 7-2. For instance, it is not noticed for hearing not less than 35 days after filing (L.R. 7-2(a)), does not provide a noticed hearing date and time (L.R. 7-2(b)(1)), does not indicate in the first paragraph a date and time of hearing (L.R. 7-2(b)(2)), and does not contain a concise statement of the requested relief in the second paragraph (L.R. 7-2)(b)(3)).

Plaintiffs' failure to comply with Civil L.R. 7-1 leaves Defendants unable to ascertain their deadlines for opposing and/or presenting oral argument on this matter. Accordingly, Plaintiffs' Request should be denied as procedurally deficient.

**Notice to Members of the Former Putative Class is Neither Required Nor Appropriate**

Plaintiffs' Request to communicate with former putative class members ostensibly to provide them notice of the Court's order denying class certification is inappropriate. In the *precertification* stage, Courts recognize that putative class counsel has an important interest in communicating with potential class members to investigate and prepare their representative claims or defenses. *See, e.g., Wiegele v. Fedex Ground Package Sys.* (S.D. Cal. Feb. 8, 2007) U.S. Dist. LEXIS 9444, *citing Bartold v. Glendale Federal Bank*, 81 Cal. App. 4th 816, 827 (2000). However, where a class certification motion has been denied, there is no longer the same rationale for permitting a plaintiff's counsel to communicate with the former members of the putative class. At that point, Plaintiffs' counsel does not represent the interests of absent putative class members, but rather only the interests of the named plaintiffs as to their individual claims.

In *Experian Information Solutions, Inc. v. Superior Court*, 138 Cal. App. 4th 122 (2006), the California Court of Appeal held that there is *no legal basis* for requiring notifications of possible legal rights to putative class members after a motion for class certification has been denied. The *Experian* court recognized that in non-class-action litigation, it is not the court's role to order notification to third parties of their possible legal claims. Such a role is inconsistent with case law and draws the court's impartiality into question. Thus, after class certification has been denied by a trial court, court-ordered notifications to former, potential class members that they might have legal claims against a defendant are impermissible.

Following the Court's denial of class certification in this matter, Plaintiffs do not have a legal justification for their proposed communication with nonparties regarding those third parties' potential claims against Defendants. Communication with former putative class members about claims not at issue

in this litigation is neither authorized by law or a form of protected speech. *See, e.g., Seattle Times Co. v. Rhinehart* (1984) 467 U.S. 20, 32 (no First Amendment right to access information made available only for purpose of litigation for purposes outside that litigation).

Plaintiffs' Counsel's claims that their notice to the former putative class is necessary to protect the interests of those third parties is misplaced.  It is not the role of Plaintiff's Counsel to impose themselves into claims absent third parties may or may not have against Defendants.  After Plaintiffs' class certification motion was denied, Plaintiffs (and their attorneys) no longer represented the interests of former putative class members, but rather only their own interests. *Darr v. Yellow Cab Co.* (1967) 67 Cal. 2d 695, 699 (an order disposing of class claims "is tantamount to a dismissal of the action as to all members of the class other than plaintiff."); *see also Woosley v. State of California* (1992) 3 Cal. 4th 758, 793 (rejecting plaintiff's argument that if class claims are disallowed notice should be given to putative class members about possible statute of limitations concerns on their own claims); *Experian Information Solutions, Inc. v. Superior Court* (2006) 138 Cal. App. 4th 122, 131-132 ("In non-class-action litigation, it is not the court's role to order notification to third parties of their possible legal claims.  In our view, such a role…draws the trial court's impartiality into question.  Thus, after class certification has been denied by a trial court, court-ordered notifications to former, potential class members that they might have legal claims against a defendant are impermissible.").

There is certainly no statute requiring notification to former putative class members of the denial of class certification and/or its possible impact on any individual claims they may have.  Rule 23(e), relied upon by Plaintiffs, requires that members of a certified class must be notified of any settlement, so they have an opportunity to opt out and not be bound by the result in the class case.  It does not require any notice to individuals who are outside of the class, or where a class is never certified in the first place.  The cases cited by Plaintiffs in support of their proposed communication are inapposite.  Those cases do not deal with notice to individuals who never became class members due to a denial of a motion for class certification. *Doe v. Lexington-Fayette Urban County Gov't* (6th Cir. 2005) 407 F.3d 755, for instance, held that notice should have been given to putative class members not after denial of class certification but rather after the voluntary dismissals of putative class action lawsuits due to settlement.  In finding that notice should have been provided to the former putative class, the *Doe* court relied on Rule 23(e), which

explicitly sets forth procedures requiring notice to persons who would be bound by a settlement or dismissal. *See* FRCP 23(e)(1). In contrast, there is *no* similar provision in Rule 23 for notice to former putative class members upon a denial of class certification. Plaintiffs, and the *Doe* court, relied on the holding in *Culver v. City of Milwaukee* (7th Cir. 2002) 277 F.3d 908, 915, in which notice to the class was required when – after a class had been certified for six years – the class was subsequently decertified. The *Culver* court expansively read Rule 23(e) as requiring notice to class members not only upon dismissal due to settlement, but also due to decertification of a previously certified class. Here, there never was a certified class at all, much less one that was subsequently decertified.

Additionally, there is no justification in the text of Rule 23(e) for such an expansive interpretation of notice requirements. Rather, under the cannons of statutory construction (*expressio unius et exclusio alterius*) the very fact that Rule 23 expressly mentions notice to class members in particular contexts – but *not* in the context of an order denying class certification – strongly suggests that no notice to putative class members is required here. Moreover, the *Culver* decision was based on a former version of Rule 23(e); that Rule was subsequently amended to require notice only to members of a *certified* class. The leading treatise on federal procedure states, with respect to this change, "[T]he 2003 amendments make clear that Rule 23(e) only applies to the 'claims, issues, or defenses of a certified class.' Thus, settlements or voluntary dismissals that occur before class certification are outside the scope of subdivision (e)." 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* ¶ 1797 (1998 & Supp. 2006).

**Plaintiffs Have Made No Showing of Prejudice to the Former Members of the Putative Class Absent Their Proposed Notice**

The two cases relied upon by Plaintiffs discuss the use of notice to absent class members to prevent prejudice to their interests.[1] This is certainly the motivating principle behind the provisions in Rule 23

---

[1] See, e.g., *Sapia v. Bd. Of Educ.* (N.D. Ill. Mar. 31, 2018) 2018 U.S. Dist. LEXIS 55134 ("[*Culver*] cannot be considered divorced from its context. The class in *Culver* was initially certified but decertified six years later; the case was then dismissed due to the mootness of the named plaintiff's claim…Under such circumstances, the absent class members' awareness and reliance on the suit was likely and thus the risk of prejudice to them was high."); See also *Edwards v. Clendenon Henny & Hoy* (S.D. Ind. Mar. 17, 2003) (2003 U.S. Dist. LEXIS 9043 (declining to issue notice under Rule 23(e) where class certification was denied and no formal notice had been sent to the class, and reading *Culver*

requiring notice to absent class members. *See, e.g.,* Rule 23(c)(2) (notifying class members of the certification of a class to permit them to opt out); Rule 23(e) (notifying class members of proposed settlement to enable them to object or opt out). However, here Plaintiffs have made absolutely no demonstration that former putative class members will be prejudiced absent their proposed communication. There is no showing whatsoever in Plaintiffs' moving papers (or elsewhere in the record) that the former members of the putative class were ever provided any formal notice of this litigation, such that they might rely on Plaintiffs' counsel's attempted class representation. No class was ever certified, so this is not a situation like in *Culver* where the former members of the class would reasonably have relied on their membership in the then-certified class to protect their interests.[2] Nor did notice go out to all of the former members of the putative class go out via any other process. This case is more in keeping with *Edwards v. Clendenon* (*see* fn. 1) where no notice was required, and *Culver* distinguished, because there had been no formal notice to the class before the denial of certification, and therefore the former putative class members would not have relied on the litigation to protect their individual interests.

Given the lack of evidence even of any widespread knowledge (formal or otherwise) of this lawsuit by former members of the putative class, let alone any evidence that former putative class members ever relied on this litigation to protect their interests, there is simply no showing that the interests of former putative class members will be prejudiced absent the communication proposed by Plaintiff's counsel. Moreover, as Plaintiffs' motion concedes, any individual claims former putative class members may have against Defendants based on the subject matter of this litigation were likely tolled during the pendency of this litigation until the Court's order denying certification. Plaintiff's Motion at p. 1, *citing American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983). Due to *American Pipe* tolling, the pendency of this litigation in fact *did not prejudice* the

---

as limited to situations in which the class members received formal class action notice and might rely on that notice).

[2] Indeed, to the extent the class in *Culver* was initially certified under Rule 23(c)(2)(B), there would have been mandatory notice to them of the existence of the class action and their membership in the class to permit them to opt out. It made sense to provide notice of decertification in *Culver*, given that the class members had previously been notified that they were members of a certified class and were therefore justified in relying on the existing class action to protect their interests. Here, in contrast, there was no formal notice to any putative class member, and therefore no similar justifiable reliance on Plaintiffs' counsel's attempt to represent them in this case.

former putative class members. If they still have viable claims due to tolling, they can certainly bring them. But the fact that they might have individual claims does not justify Plaintiffs' counsel's thinly-veiled attempt at attorney solicitation under the guise of "notice" to prevent "prejudice" which does not in fact exist.

Indeed, rather than preventing prejudice to former members of the putative class, Plaintiff's proposed notice would likely *create* prejudice by confusing former putative class members. There is currently another putative class action pending against Defendants – *Jones Fernandez v. Brinker Restaurant Corp.*, *et al*, Los Angeles County Superior Court Case No. 23STCV14269 (filed June 20, 2023) – with significant overlap of claims and putative classes members.[3] Plaintiffs' proposed notice would only serve to confuse any putative class members who are aware of the *Jones Fernandez* matter and relying on that matter to vindicate their rights.

### The Content of Plaintiffs' Counsel's Proposed "Notice" Demonstrates Its Impropriety

Finally, even if some type of notice was appropriate following the Court's denial of class certification, the form and content of Plaintiffs' Counsel's proposed notice is entirely inappropriate. Far from being a "neutral, non-argumentative, and…inform[ative]" document, Plaintiffs' Counsel's proposed notice is rife with irrelevant, argumentative language and is in fact a thinly-veiled advertisement. This, as noted above, is entirely inappropriate, as communications with members of the former putative class should necessarily be limited to the prosecution of *this* case, rather than solicitation of clients for future litigation.

Plaintiffs' Counsel's proposed notice is objectionable on numerous grounds. First, there is no justification for any "notice" to come directly from Plaintiffs' Counsel. As noted above, Plaintiffs' Counsel do not have a legitimate basis for communicating with the former putative class members aside from their role in investigating Plaintiff's claims in this litigation. Direct communication with former putative class members about claims they may have outside of this litigation goes beyond the scope of any permissible communication. To the extent any notice to the former members of the putative class is deemed necessary, it should go through a neutral third-party administrator; it should neither originate from

---

[3] Pursuant to Civil Local Rule 3-13, Defendants will file a Notice of Pendency with respect to the *Jones Fernandez* matter as soon as practicable.

Plaintiff's counsel nor direct people to contact Plaintiffs' counsel for "more information."

Second, the notice misrepresents the nature of the proceedings, in that it claims that the presiding judge decided not to allow the case to "*continue* as a class action" and that "the class claims will no longer move forward on behalf of all affected employees…." (Plaintiffs' Proposed Notice at p. 1). This case was a *putative* class action, for which a class was never certified. It therefore misstates the record to claim that the presiding judge elected not to allow it to "continue" as a class action, or that "class claims will no longer move forward."

Third, the notice is rife with inappropriate, argumentative, and irrelevant content unconnected from the goal of providing notice to former putative class members of the running of the statute of limitations on their claims. For instance, the section titled "REASONS GIVEN BY THE COURT FOR DENYING CLASS CERTIFICATION" should be completely stricken from any notice to the former putative class. To the extent the Court's denial of class certification is relevant, it is only relevant on the issue of statute of limitations tolling. The Court's *reasons* for denying certification are entirely irrelevant. Notice to the putative class of the Court's denial of class certification is not an appropriate venue to relitigate these issues. References to "no meal periods for 96.2% of shifts, which under California law suggests that meal violations occurred on those shifts" and to Plaintiff's 'respectful disagreement' with the Court are clearly argumentative. This whole section demonstrates that this proposed "Notice" is in fact a form of advocacy and/or advertisement.

Finally, this proposed "Notice" veers entirely into blatant advertisement with the section titled "YOU MUST INITIATE A CLAIM TO PRESERVE YOUR LEGAL RIGHTS." A paragraph describing how these nonparties can pursue their own claims, and recommending they consult with an attorney, is directly followed by a suggestion that these individuals can contact none other than Plaintiffs' Counsel to "answer any questions" about their rights. This is, of course, directly followed by contact information for Plaintiffs' counsel and a further sentence indicating Plaintiffs' Counsel's willingness to assist these individuals. Putting aside the question of whether this advertisement to former putative class members violates any ethical rules regarding attorney solicitation,[4] there can be no dispute that it *is* attorney

---

[4] For instance, Rule 7.3(c) of the Rules of Professional Conduct require that any written communication from a lawyer soliciting professional employment form a person known to be in need of legal services in a particular matter "shall include the word 'Advertisement' or words of similar import on the outside

solicitation, rather than a legitimate "notice" of the Court's denial of class certification.[5]

Plaintiffs' proposed notice to the class is neither appropriate nor justified. Rule 23 does not require this notice, and no showing of prejudice absent such a notice has been (or can be) made. Moreover, even if notice was appropriate, the tone and content of Plaintiffs' proposed notice is not. It is a thinly-veiled attorney solicitation, and should be rejected as such by the Court. The Court should therefore deny Plaintiff's request.

Dated:  July 2, 2025                            JACKSON LEWIS P.C.


                                                By:    */s/ Andrew J. Mailhot*
                                                       Kevin D. Reese
                                                       Andrew J. Mailhot
                                                       Geoffrey R. Pittman
                                                       Attorneys for Defendants
                                                       BRINKER INTERNATIONAL, INC., BRINKER
                                                       INTERNATIONAL PAYROLL COMPANY, L.P.,
                                                       and BRINKER RESTAURANT CORPORATION

---

envelope, if any, and at the beginning and ending of any recorded or electronic communication…."
Rule 7.3(e) further explains that "solicitation" includes any communication that "offers to provide, *or can reasonably be understood as offering to provide*, legal services."  (emphasis added).

[5] The final section, titled "CONFIDENTIALTY AND NON-RETLAIATION" is gratuitous, irrelevant, and argumentative.