1  Kevin D. Reese (State Bar No. 172992)
   Andrew J. Mailhot (State Bar No. 238956)
2  Geoffrey R. Pittman (State Bar No. 253876)
   JACKSON LEWIS P.C.
3  50 California Street, 9th Floor
   San Francisco, California 94111-4615
4  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
5  E-mail: Kevin.Reese@jacksonlewis.com
   E-mail: Andrew.Mailhot@jacksonlewis.com
6  E-mail: Geoffrey.Pittman@jacksonlewis.com

7

8  Attorneys for Defendants
   BRINKER INTERNATIONAL, INC., BRINKER
   INTERNATIONAL PAYROLL COMPANY, L.P., and
9  BRINKER RESTAURANT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HALE and JESUS GOMEZ, on behalf of themselves and all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BRINKER INTERNATIONAL, INC., a Delaware corporation; BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., a Delaware limited partnership; BRINKER RESTAURANT CORPORATION, a Virginia corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:21-cv-09978-VC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date: October 1, 2025**<br>**Time: 10:00 a.m.**<br>**Dept. Courtroom 4**<br>**Judge: Hon. Vince Chhabria**<br><br>Complaint Filed: 11/18/2021<br>Removal Filed: 12/23/2021<br>Trial Date: 12/8/2025 |

Defendants Brinker International, Inc., Brinker International Payroll Company, L.P., and Brinker Restaurant Corporation ("Defendants") submit the instant Reply in support of Defendants' Motion for Summary Judgment, or, in the alternative, Summary Adjudication ("Reply") to correct the record and address several misstatements of law and/or fact contained within the Opposition papers filed by Plaintiffs Amanda Hale and Jesus Gomez ("Plaintiffs").

**A.    Reply re Issue One: This issue Is uncontested. Defendants BII And BRC Are Entitled To Summary Judgment And Should Be Dismissed.**

As indicated in Defendants' Motion for Summary Judgment ("MSJ") neither Defendant Brinker International, Inc. ("BII"), nor Brinker Restaurant Corporation ("BRC") employed either Plaintiff in this matter. Plaintiffs' Opposition concedes this point. As all of Plaintiffs' claims are predicated on the existence of an employment relationship, BII and BRC are entitled to summary judgment as to all causes of action alleged in the operative Second Amended Complaint. Accordingly, Defendants respectfully reiterate their request that dismissal with prejudice of all claims against BII and BRC be ordered.

**B.    Reply re Issue Two: Plaintiffs' Counsels' Own Sworn Statement Contradicts Their Claim That They Never Expressly Consented To Electronic Service; Accordingly, Defendants' RFAs On Gomez Were Properly Served And The Matters Therein Are Conclusively Established.**

While Plaintiffs are correct in noting that consent to electronic service must be in writing, they are incorrect in their assertion that Plaintiffs' express written consent is absent in this matter. Plaintiffs misstate the record by downplaying the significance of their express written consent to electronic service as acknowledged in the proof of service attached to their discovery requests served upon Defendants in this matter. Moreover, the cases cited by Defendants are inapposite. Each case cited by Plaintiffs involves an attempt by a party to imply agreement from conduct; here, in contrast, Defendants are not seeking to bind Plaintiffs to electronic service based on an implied agreement evidenced by their conduct. Rather, Defendants point to a sworn, express, written statement which acknowledges the parties' consent to electronic service of discovery in this matter.

As noted in Defendants' MSJ, Plaintiffs served discovery on Defendants in this matter which included a Proof of Service via electronic means. In attesting to the method and timing of

1  service, Plaintiffs' representative stated, under oath, that electronic service was made "[b]ased on
2  a court order[1] or ***an agreement of the parties to accept service by electronic transmission***…."
3  *See* ECF No. 150 at Exh. 2.  Plaintiffs' statement – submitted under oath – expressly
4  acknowledges the parties' agreement to electronic service in this matter.  It therefore more than
5  satisfies FRCP Rule 5's requirement for "express written consent" to electronic service.
6  Plaintiffs' assertion that Defendants are improperly asking the Court to find an agreement to
7  electronic service implied by conduct is therefore false.  In reality, while the existence of a
8  consent to electronic service is certainly apparent from Plaintiffs' conduct in this litigation,
9  Defendants do not rely solely on any implication from conduct.  Rather, they have pointed to
10 express written language and ask the Court to hold Plaintiffs to their own attestation as to a
11 consent by the parties to electronic service in this matter.

12        None of the cases relied upon by Plaintiffs are on point.  For instance, in *Bunn v. Dash —*
13 No. 2:20-cv-07389-DMG-JC, 2021 U.S. Dist. LEXIS 206355 (C.D. Cal. July 23, 2021) – the
14 Court held that a party's consent to electronic service could not be implied either by their
15 acknowledged receipt of electronically served discovery, or their own electronic service of
16 discovery.  However, unlike here, the *Bunn* court was *not* presented with an actual sworn written
17 statement acknowledging an agreement between the parties to accept electronic service.  The
18 party seeking to have matters deemed admitted was, rather, arguing that consent was implied via
19 conduct.  The present case is distinguishable because here Defendants have provided evidence of
20 a written consent to electronic service by Plaintiffs.  Similarly, *Stephenson v. California*, 761 F.
21 Supp. 3d 1242 (C.D. Cal. 2025) holds that a party cannot be equitably estopped from challenging
22 adequacy of electronic service based on their own use of electronic service, because consent must
23 be express and written.  But, again, the present situation is entirely distinct because here there *is*
24 express written acknowledgement of an agreement to electronic service in this matter.
25 Defendants are not asking the Court to *imply* anything.  They are rather seeking to have the Court
26 acknowledge that Plaintiffs expressly consented to electronic service via the attestation in their

---

[1] Given the absence of any court order regarding electronic service in this matter, this portion of the proof of service is irrelevant.

1  Proof of Service.

2      Finally, Defendants note that Gomez has *still* not availed himself of the opportunity to move for relief with respect to Defendants' Requests for Admission, instead relying on his specious claim that Plaintiffs never consented to electronic service. Given the failure to seek relief from default, Defendants reiterate their request that the matters in their RFAs be deemed admitted and all causes of action brought by Gomez be dismissed with prejudice.

    **C.  Reply Re Issue Three: Plaintiffs' Opposition Fails To Create A Triable Issue Of Material Fact On Her Meal And Rest Break Claims.**

    In opposing Defendants' MSJ as to Hale's meal and rest break claims, Hale relies almost exclusively on her own declaration and deposition testimony. Outside of her own testimony, Hale only cites: (1) portions of the Hunt deposition in which it is stated that Defendants have not paid rest period premiums, and (2) portions of the Fredericks deposition indicating that (a) servers by and large *elect* not to take meal breaks, and (b) servers who, in a hypothetical scenario requested to take a break during an inopportune (extremely busy) time would be permitted to take a break but then coached to take their breaks during less busy times in the future. None of this testimony creates a triable issue of material fact on Hale's meal or rest break claims. For instance, the Hunt statement regarding lack of rest break premium payment is entirely irrelevant. Defendants do not seek summary judgment on the basis that rest break premiums were paid to Hale. Rather, Defendants contend that Hale has failed to establish a triable issue of material fact as to whether she was denied the opportunity to take rest breaks. Similarly, Fredericks' deposition testimony does not create a triable issue of material fact as to Hale's meal or rest break claims. For instance, the testimony that servers by and large elect not to take meal breaks (in order to maximize their earnings) by no means creates a triable issue of fact as to whether Hale was ever denied the opportunity to take a meal break. Likewise, testimony about a hypothetical situation in which a server seeks to take a meal break during a busy time, is provided a break, and is then coached to take breaks during less busy times in the future, (i) does not support Hale's claim both (i) because it is a general hypothetical not tethered to her own experience, and (ii) because asking servers to plan their breaks around the typical customer flow pattern for the

restaurant does not demonstrate that an opportunity to take breaks has been denied. Again, none of this extrinsic 'evidence' creates a triable issue of fact as to alleged failure to provide an opportunity to take a compliant meal or rest break for Hale.

Other than the above-referenced testimony, the Opposition relies entirely on Hale's deposition/declaration statements. But this reliance is misplaced because, as noted in Defendants' MSJ, Hale made key admissions in her deposition which contradict and completely undercut any claims – whether in the allegations of the SAC, in her declaration, or elsewhere in her deposition testimony – that she was denied an opportunity to take compliant meal or rest breaks. And while *ambiguous* testimony will not support summary (*see Reid v. Google, Inc.* (2010) 50 Cal. 4th 512, 541), where, as here, the testimony offered in opposition to summary judgment is *contradictory*, summary judgment is appropriate. *See, e.g., Davis v. Foster Wheeler Energy Corp.* (2012) 205 Cal. App. 4th 731 (finding that plaintiff's internally contradictory testimony did not establish a triable issue of fact); *see also Zunigas v. Plata*, 2022 Cal. Super. LEXIS 62114 (Oct. 11, 2022) at **7-8 ("Plaintiff's internally inconsistent deposition testimony does not create a triable issue of fact."); *Scalf v. D.B. Log Homes, Inc.* (2005) 128 Cal. App. 4th 1510, 1521-1522 (a party is not allowed to manufacture disputes of fact by contradicting herself); *see also Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262 (9th Cir. 1991) (plaintiff cannot create a triable issue of fact by contradicting himself); *Radobenko v. Automated Equipment Corp.*, 520 F. 2d 540 (9th Cir. 1975) (same). Of course, Hale testified and declared that she did not receive compliant meal and rest periods. But where, as here, she also made key deposition admissions that completely undercut those claims, her claims should be disregarded, and summary judgment should be granted in favor of Defendants.

**D.     Reply Re Issue Four: Plaintiffs' Opposition Fails To Create A Triable Issue Of Material Fact On Their Expense Reimbursement Claim.**

Plaintiffs' attempt to generate a triable issue of material fact on their Labor Code 2802 reimbursement claim is – like Hale's meal and rest break claims – tethered entirely to their own deposition testimony which is *at best* internally contradictory and therefore should be disregarded.

1    With respect to alleged payment for the HotSchedules app, Plaintiffs allege that Gomez
2 testified that the HotSchedules app "became a requirement" in 2018 or 2019. Opposition at 12.
3 Even if this was an accurate summation of Gomez's testimony,[2] that testimony was specific to
4 Gomez's experience at the Carson restaurant where he worked[3] and therefore cannot create a
5 triable issue of fact as to alleged purchase of the HotSchedules' app for use at any other restaurant
6 location, including that at which Hale worked. Gomez lacks any foundation for personal
7 knowledge as to when Hale allegedly purchased the HotSchedules app; his testimony therefore
8 cannot create a triable issue of fact on that issue. Moreover, Gomez cannot sustain any claim
9 based on the alleged purchase of the HotSchedules app because he admits the app was free.
10 Meanwhile, as noted in the MSJ, Hale has no recollection of having purchased the HotSchedules
11 app within the statutory period, and neither plaintiff has produced any contemporaneous evidence
12 of any such purchase, let alone a purchase within the statutory period.

13    With respect to *use* of the cell phone app, the Opposition provides no evidence on plaintiff
14 Hale's behalf to rebut Defendants' position that the HotSchedules app was not "necessary."[4]
15 Accordingly, at a minimum Defendants are entitled to summary judgment on this claim as to
16 Hale. With respect to Gomez, the Opposition relies entirely on two deposition statements where
17 Gomez claimed he was "told to use" the HotSchedules app. Opposition at 13. However, as noted
18 above, a plaintiff's self-contradictory deposition testimony is insufficient to create a triable issue
19 of fact. As noted in the MSJ, Gomez conceded that other methods for accessing employee
20 schedules existed, including via an in-office computer. MSJ at p. 10. Gomez admitted that he
21 "never asked" to use that computer to check his schedule because he "never needed it" due to the
22 existence of the cell phone app. *Id.* And he admitted that at least one other employee *did* use the
23 computer to access his schedule rather than using a cell phone app. *Id.* Accordingly, any claim

---

[2] It is not. Gomez does not state that the HotSchedules cell phone app was "a requirement" in 2018 or 2019, just that he recollects it becoming available at around that time.

[3] *See* Gomez Depo. at 74:2-14 ("Q. Do you know of anyone else who worked in the Carson restaurant…").

[4] Nor could it, given Hale's admissions that she was "sure there were other ways" to access her schedule, and that use of the HotSchedules app was "convenient" rather than mandatory. *See* MSJ at p. 10.

by Gomez that he was somehow 'required' to use the cell phone app are undercut by his own admissions, and his self-serving, contradictory testimony must be disregarded.

Finally, with respect to the allegation that Hale can sustain a reimbursement claim based on the purchase of a black polo shirt, simply put Plaintiff has never actively pursued this claim in litigation.  For instance, Hale has produced absolutely no record evidence either that she ever purchased a black polo shirt within the statutory period or that she was required by Defendants to do so.  Even if such evidence existed, however, it would not be sufficient to survive summary judgment.  A black polo shirt is emblematic of the sort of non-uniform work clothing which need not be reimbursed under California law.  *See, e.g., Townley v. BJ's Restaurants, Inc.*, 37 Cal. App. 5th 17 (2019), *citing Lemus v. Denny's Inc.* (9th Cir. 2015) 617 Fed. Appx. 701, 703 (under California law, an employer may specify the use of "basic wardrobe items which are *usual and generally usable in the occupation*, such as white shirts, dark pants and black shoes and belts" without having to reimburse the employee for their purchase).  A black polo shirt is exactly the sort of "basic wardrobe item" which both California and Federal courts have found not to be a reimbursable business expense under Labor Code 2802.  Accordingly, even if Plaintiff had actively pursued a 2802 claim based on purchase of a polo shirt and provided any record evidence in support of that claim, reimbursement was not required as a matter of law and summary judgment is appropriate.

**E.    Reply Re Issue Five: Plaintiffs' Opposition Fails To Articulate A Basis For An Award Of Attorneys' Fees Under The Specific Statutes And/Or Doctrines Regarding Which Defendants' Brought Their MSJ.  That Attorneys' Fees May Be Available Under A Different Statute Is Not Relevant.**

With respect to the attorney's fees issue, Plaintiffs Opposition seemingly concedes that Plaintiffs are not entitled to attorneys' fees under the statutes and/or doctrines pled in those causes of action in the SAC challenged in Defendants' MSJ (including, *inter* alia, Labor Code 1194, Code of Civil Procedure Section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine).  *See* MSJ at pp. 19-21.  To the extent Plaintiffs now seek an award of attorneys' fees under Labor Code 218.5 directly on their meal and rest break (Labor Code 226.7) causes of action, Defendants note that attorneys' fees are not available on direct 226.7 claims.  Plaintiffs'

premise their entitlement to Section 218.5 fees on *Betancourt v. OS Restaurant Services, LLC* 83 (2022) 83 Cal. App. 5th 132, 139-40. But the *Betancourt* decision must be read in light of the California Supreme Court's ruling in *Naranjo v. Spectrum Security Services, Inc.*, 13 Cal. 5th 93 (2022), on which *Betancourt* expressly relies. *Naranjo*, for its part, did not overturn the California Supreme Court's prior holding in *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244 (2012) that attorneys' fees under Labor Code 218.5 are not available on Labor Code 226.7 meal and rest break violation claims. Rather, the *Naranjo* Court specifically upheld the *Kirby* Court's analysis that missed-break premium pay is not a wage for purposes of Labor Code section 218.5. What the *Naranjo* Court *did* find is that meal and rest break premium pay constitutes "wages" for purposes of a wage statement or Labor Code 203 claim. Following *Naranjo*, the *Betancourt* Court predicated the plaintiffs' entitlement to Labor Code Section 218.5 attorneys' fees on the presence of a wage statement and Section 203 claim. Defendants maintain, therefore, that Plaintiffs are not entitled to attorneys' fees, including under Labor Code 218.5, solely on their causes of action for missed meal periods and missed rest breaks. Whether they might be entitled to attorneys' fees on a different cause of action is immaterial given that issue was not raised on MSJ.

### F. Reply Re Issue Six: Plaintiffs' Opposition Fails To Articulate A Basis For Prejudgment Interest Under Labor Code Section 218.6 On The Challenged Causes Of Action.

Defendants' MSJ correctly notes that prejudgment interest is not available under Labor Code 218.6 on meal and rest break claims. And, while Defendants do not take issue with Plaintiffs' (belated) claim to entitlement of the standard seven percent (7%) interest under the California Constitution, nothing in the Opposition demonstrates that the higher ten percent (10%) rate under Labor Code 218.6 is available on the claims identified in the MSJ.

Plaintiffs assert an entitlement to prejudgment interest on meal and rest break claims under Labor Code 218.6 based on implication from the California Court of Appeal's holding in *Betancourt*. However, as noted in section I(E), *Betancourt* relied on the California Supreme Court's decision in *Naranjo*. And the *Naranjo* Court expressly held that Labor Code 218.6 is inapplicable to meal and rest break claims, and that the Constitutional seven percent rate was

therefore appropriate. *Naranjo*, 13 Cal. 5th at 121-122. Accordingly, and as set forth in the MSJ, Plaintiffs are not entitled to prejudgment interest under Labor Code 218.6 and are restricted to the seven percent baseline interest available under the California Constitution.

Dated: September 18, 2025 　　　　　　　　　　JACKSON LEWIS P.C.

By: */s/ Kevin D. Reese*
Kevin D. Reese
Andrew J. Mailhot
Geoffrey R. Pittman
Attorneys for Defendants
BRINKER INTERNATIONAL, INC.,
BRINKER INTERNATIONAL PAYROLL
COMPANY, L.P., and BRINKER
RESTAURANT CORPORATION

# CERTIFICATE OF SERVICE

I, Mariane Wenger, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over the age of eighteen (18) years and am not a party to this action.

On September 18, 2025, I served the attached **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES** in this action by electronic mail to the addressed as follows:

| | |
|---|---|
| Shaun Setareh<br>Jose Maria D. Patino, Jr.<br>Tyson James Gibb<br>Diana Maytorena<br>SETAREH LAW GROUP<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, CA  90212<br>Tel. (310) 888-7771<br>Fax (310) 888-0109 | Attorneys for Plaintiff<br>AMANDA HALE<br>E-mail: shaun@setarehlaw.com<br>jose@setarehlaw.com<br>tyson@setarehlaw.com<br>diana@setarehlaw.com<br>calendar@setarehlaw.com |
| Paul K. Haines<br>Fletcher W.H. Schmidt<br>Andrew J. Rowbotham<br>HAINES LAW GROUP<br>2155 Campus Drive, Suite 180<br>El Segundo, CA  90245<br>Tel. (424) 292-2350<br>Fax (424) 292-2355 | Attorneys for Plaintiff<br>JESUS GOMEZ<br>E-mail: phaines@haineslawgroup.com<br>fschmidt@haineslawgroup.com<br>arowbotham@haineslawgroup.com |

☒ BY ELECTRONIC MAIL: I transmitted said document(s) by electronic mail from mariane.wenger@jacksonlewis.com to the e-mail addresses indicated above.

I declare, under penalty of perjury, that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 18, 2025 at San Francisco, California.

_____
Mariane Wenger